OPINION
{¶ 1} Defendant-appellant John S. Graber appeals his February 14, 2003 sentence entered by the Stark County Court of Common Pleas after having been convicted of two counts of rape and two counts of gross sexual imposition. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND THE FACTS {¶ 2} The Stark County Grand Jury indicted appellant on two rape counts and two gross sexual imposition counts. The victims were appellant's two children, Jessica Graber and David Graber, both under thirteen at the time of the offenses. The indictment alleged a rape and gross sexual imposition count as to each victim.
 {¶ 3} A jury found appellant guilty as charged. The trial court accepted the jury's verdict and set a sentencing hearing. At the hearing, the trial court sentenced appellant to determinate ten year prison terms for the rape charges and imposed determinate five year prison terms for the two gross sexual imposition charges, to run concurrent with each corresponding rape charge. The court further ordered appellant should serve each set of rape and gross sexual imposition charges consecutively, for a twenty year determinate sentence. The trial court also classified appellant as a sexual predator.
 {¶ 4} Appellant appealed his conviction and sentence. We affirmed appellant's conviction, but remanded the case to the trial court for re-sentencing, upon finding the trial court failed to make the requisite statutory findings necessary to impose consecutive sentences.
 {¶ 5} Upon remand, the trial court held a sentencing hearing on February 14, 2003. At the hearing, the trial court imposed the original sentence adding its findings and rationale with regard to the imposition of the consecutive sentences.
 {¶ 6} It is from this sentence appellant appeals, raising the following assignment of error:
 {¶ 7} "I. WHETHER DEFENDANT/APPELLANT WAS DEPRIVED OF HIS NOTICE AND JURY TRIAL RIGHTS AS GUARANTEED BY AND THROUGH THE SIXTH AMENDMENT WHERE HIS SENTENCE IS NOT ONLY CONTRARY TO LAW, O.R.C. 2953.08, BUT IS VIOLATIVE OF THE APPRENDI-RULE WHERE SUCH ENHANCED PENALTY WAS/IS PREDICATED ON THE ASSESSMENT OF FACTS WHICH WERE NOT CHARGED IN THE INDICTMENT, SUBMITTED TO A JURY, OR PROVEN BEYOND A REASONABLE DOUBT."
 I {¶ 8} Appellant's sole assignment of error challenges the trial court's sentence as contrary to law and as unconstitutional. Appellant relies upon the United States Supreme Court ruling in Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, challenging Ohio Revised Code Section 2929.14(B) as contrary to law and unconstitutional. Appellant contends Section 2929.14(B) authorizes the trial court to assess facts which are used to increase the prescribed and stated maximum penalty, and requires an offender who has not previously served a prison term serve the shortest prison term authorized for the offense.
 {¶ 9} Section 2929.14(B) reads:
 {¶ 10} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 11} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 12} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 13} We note, appellant does not challenge the trial court's finding the shortest prison term will demean the seriousness of his conduct or will not adequately protect the public from future crime by him or others.
 {¶ 14} In Apprendi, supra, the U.S. Supreme Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[1]
 {¶ 15} This is not a situation like Apprendi where appellant was indicted and convicted upon a specific offense that carried a particular penalty, and then exposed to an additional penalty not encompassed within the indictment. Rather, the sentence imposed at the discretion of the trial court falls within the statutory limits. The Apprendi court specifically noted:
 {¶ 16} "We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion — taking into consideration various factors relating both to offense and offender — in imposing a judgment within the range prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing a sentence within statutory limits
in the individual case."
 {¶ 17} As this Court concluded in State v. Neal (Aug. 31, 2001), Stark App. No. 2001CA00067, "the Apprendi case is distinguishable [when] the trial court impos[es] a sentence that was within the statutorily prescribed range of possible sentences."[2]
 {¶ 18} R.C. Section 2929.14(B) states the trial court shall impose the shortest prison term authorized for the offense, "except" and "unless" the trial court concludes additional factors apply as a matter of law. The shortest prison term, in this case three years, is not the maximum sentence authorized by the statute, but rather the minimum for the court's consideration, except and unless one or two of the additional factors applies.
 {¶ 19} Herein, appellant was convicted of two counts of rape, first degree felonies, each of which carries a maximum ten year sentence. Appellant was additionally convicted of two counts of gross sexual imposition upon a minor under the age of thirteen, each third degree felonies punishable by a prison term of up to five years. Therefore, the consecutive maximum prison term which could be imposed upon appellant totaled thirty years.
 {¶ 20} We conclude the February 14, 2003 sentence does not violate Apprendi as appellant was sentenced within the statutorily prescribed range for the offenses. The trial court specifically found the minimum sentence not appropriate as the court concluded an additional factor applied as a matter of law. While the additional factor enhanced appellant's sentence, the sentence remained within the statutorily prescribed range of terms for the offenses.
 {¶ 21} Appellant's sole assignment of error is overruled.
 {¶ 22} The February 14, 2003 sentence of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J., and Boggins, J. concur.
[1] For a complete recitation of the case, see Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348.
[2] For a complete recitation of the facts in State v. Neal, see Stark App. No. 2001CA00067.