OPINION
{¶ 1} On August 30, 2001, the Stark County Grand Jury indicted appellant, John Graber, on two counts of rape in violation of R.C. 2907.02
and two counts of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from incidents involving appellant's two children.
 {¶ 2} A jury trial commenced on December 10, 2001. The jury found appellant guilty as charged. By judgment entry filed December 13, 2001, the trial court sentenced appellant to an aggregate term of twenty years in prison. The trial court also classified appellant as a sexual predator.
 {¶ 3} On appeal, this court remanded the matter to the trial court for resentencing to comply with the requirements of R.C. 2929.14(E)(4). Statev. Graber, Stark App. No. 2002CA00014, 2003-Ohio-137.
 {¶ 4} The trial court resentenced appellant to the same sentence with the requisite findings. See, Judgment Entry filed February 14, 2003. This court upheld the sentence. State v. Graber, Stark App. No. 2003CA00110, 2003-Ohio-5364.
 {¶ 5} On July 27, 2004, appellant filed a petition for postconviction relief regarding his sentence, citing Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, and Apprendi v. New Jersey (2000), 530 U.S. 466, in support. By judgment entry filed October 22, 2004, the trial court denied the petition, finding the petition was untimely and the cases cited by appellant were res judicata and inapplicable.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "Whether petitioner/appellant was denied due process of law as guaranteed by and through the fifth and fourteenth amendments of the u.s. constitution, and article I, Section 16 of the ohio constitution, when the trial court denied the petition for post conviction relief as untimely pursuant to R.C. 2953.23."
 II {¶ 8} "Whether Petitioner/Appellant was denied due process of law as guaranteed by and through the fifth and fourteenth amendments of the U.S. Constitution, and article I, Section 16 of the Ohio Constitution, when the trial court denied the blakely claim, in the petition for post conviction relief, as res judicata."
 III {¶ 9} "Whether petitioner/appellant was deprived of his `notice and jury trial rights' as guaranteed by and through the sixth amendment of the U.S. Constitution where his sentence is Contrary to clearly established federal law, as interpreted by the united states supreme court in the blakely-rule, where such enhanced penalty was/is predicated on the assessment of facts which were not charged in the indictment, submitted to a jury, or proven beyond a reasonable doubt."
 I, III {¶ 10} Appellant claims the trial court erred in denying his petition for postconviction relief as being untimely, citing R.C. 2953.23 andBlakely, supra, in support. We disagree.
 {¶ 11} Pursuant to R.C. 2953.21(A)(2), petitions for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court."
 {¶ 12} A trial court may entertain an untimely petition if both of the following provisions apply:
 {¶ 13} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 14} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A)(1).
 {¶ 15} In support of his argument for postconviction relief, appellant cited the Blakely and Apprendi, supra, cases.
 {¶ 16} Appellant's attempt to use R.C. 2953.23(A)(1) fails because the issues decided in Blakely and Apprendi do not relate to his conviction or to a death sentence. These cases cover sentences outside the statutory maximum penalties.
 {¶ 17} Assignments of Error I and III are denied.
 II {¶ 18} Appellant claims the trial court erred in determining the issues raised in the petition were barred by the doctrine of res judicata. We disagree.
 {¶ 19} As stated by the Supreme Court of Ohio in State v. Perry
(1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The Perry court explained the doctrine at 180-181 as follows:
 {¶ 20} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."
 {¶ 21} The issues herein were clearly available on direct appeal and therefore res judicata applies. In fact, this court rejected an Apprendi
argument of appellant's sentence after resentencing. See, State v.Graber, Stark App. No. 2003CA00110, 2003-Ohio-5364.
 {¶ 22} Assignment of Error II is denied.
 {¶ 23} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.