OPINION
{¶ 1} Defendant-appellant Michael R. Poissant appeals the judgment entry of the Fairfield County Court of Common Pleas dismissing his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On September 13, 2002, appellant Michael Poissant was indicted on one count of burglary, one count of kidnapping, one count of abduction, and two counts of rape of a child under the age of thirteen, by force. On November 27, 2002, pursuant to a plea agreement, appellant entered pleas of guilty to both charges of rape, which were amended to drop the allegations of force or threat of force. The remaining charges were dismissed. Appellant executed a waiver of a separate sentencing hearing, and the matter proceeded to sentencing.
 {¶ 3} The court sentenced appellant to seven years incarceration on one count of rape, and eight years incarceration on the second count of rape, to be served consecutively. This Court upheld appellant's convictions and sentences for two counts of rape of a child under the age of 13. See, State v. Poissant, 5th Dist. No. 03-CA-14, 2003-Ohio-4578.
 {¶ 4} On June 27, 2005, appellant filed a petition for post conviction relief in the trial court. The trial court overruled the petition without hearing on August 19, 2005.
 {¶ 5} On March 20, 2006 this Court denied appellant's application to re-open his direct appeal pursuant to App. R. 26.
 {¶ 6} It is from the trial court's Judgment Entry filed August 19, 2005 denying his Petition for Post-conviction relief that appellant now appeals raising as his sole assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-CONVICTION PETITION AND MOTION FOR LEAVE PURSUANT TO R.C. 2953.21 AND (.23)."
 Standard of Review {¶ 8} R.C. 2953.21(A) states, in part, as follows: "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief".
 {¶ 9} A post conviction proceeding is a collateral civil attack on a criminal conviction. State v. Calhoun (1999), 86 Ohio St.3d 279, 281,714 N.E.2d 905; State v. Phillips, 9th Dist. No. 20692, 2002-Ohio-823. In order to obtain post conviction relief, a petitioner must show that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States [.]" R.C. 2953.21;State v. Watson (1998), 126 Ohio App.3d 316, 323, 710 N.E.2d 340.
 {¶ 10} Under R.C. 2953.21, a petitioner seeking post conviction relief is not automatically entitled to an evidentiary hearing.Calhoun, 86 Ohio St.3d at 282, 714 N.E.2d 905. Significantly, the Ohio Supreme Court has held that proper basis for dismissing a petition for post conviction relief without holding an evidentiary hearing include: 1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and 2) the operation ofres judicata to bar the constitutional claims raised in the petition.Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; State v.Lentz (1994), 70 Ohio St.3d 527, 530, 639 N.E.2d 784.
 {¶ 11} As the Supreme Court further explained in State v. Jackson
(1980), 64 Ohio St.2d 107 "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." Id. at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted. Accordingly, "a trial court properly denies a defendant's petition for post conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."Calhoun, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).
 {¶ 12} Another proper basis upon which to deny a petition for post conviction relief without holding an evidentiary hearing is res judicata. Lentz, 70 Ohio St.3d at 530; State v. Phillips, supra.
 {¶ 13} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, approving and following State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." State v. Reynolds (1997), 79 Ohio St. 3d 158,161, 679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, State v. Ferko (Oct. 3, 2001), Summit App. No. 20608, unreported, at 5; State v. Phillips, supra.
 {¶ 14} In State v. Phillips, supra, the court noted "[significantly, evidence outside the record alone will not guarantee the right to an evidentiary hearing. State v. Combs (1994), 100 Ohio App.3d 90, 97,652 N.E.2d 205. Such evidence 'must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of [State v.Perry (1967), 10 Ohio St.2d 175] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.' (Citation omitted.) State v. Lawson (1995),103 Ohio App.3d 307, 315, 659 N.E.2d 362. Thus, the evidence must not be merely cumulative of or alternative to evidence presented at trial".Combs, 100 Ohio App.3d at 98, 652 N.E.2d 205.
 I. {¶ 15} In his Assignment of Error appellant claims the trial court erred in sentencing him to prison terms in light of the decisions of the United States Supreme Court in United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, Apprendi v. New Jersey (2000), 530 U.S. 466,Blakely v. Washington (2004), 542 U.S. 296, and State v. Foster,109 Ohio St.3d. 1, 2006-Ohio-856, 845 N.E.2d 470. We disagree.
 {¶ 16} At the outset we would note that appellant's petition challenging the judgment entry imposing a prison sentence in the cases at bar is untimely. R.C. 2953.21(A) (2) states a "a petition for post-conviction relief shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 17} Appellant was given a prison sentence by the Judgment Entry of December 6, 2002. Appellant did file a direct appeal of that sentence with this court. State v. Poissant, 5th Dist. No. 03-CA-14, 2003-Ohio-4578. The transcript was filed in that case on April 1, 2003. Appellant's petition was filed in the case at bar on June 27, 2005. This is well beyond the 180 day limit of R.C. 2953.21(A) (2). However, exceptions for late filings are provided for in R.C. 2953.23
which states the following in pertinent part:
 {¶ 18} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A) (1) or (2) of this section applies:
 {¶ 19} "(1) Both of the following apply:
 {¶ 20} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 21} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 22} In his petition, appellant did not provide a basis under R.C. 2953.21(1) (b) which is a requirement to avoid the filing deadline.
 {¶ 23} The United States Supreme Court has not made the decision inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403 retroactive to cases already final on direct review. See In reDean (11th Cir. 2004), 375 F.3d 1287, 1290 ("Because Blakely, likeRing, is based on an extension of Apprendi, Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."); McBride v. State (Fla.Dist.Ct.App.2004),884 So.2d 476, 478 ("We further hold that Blakely does not apply retroactively to cases on collateral review."); State v. Petschl (Minn.Ct.App. 2004),688 N. W.2d 866, 2004 WL 2663594, at *7 ("Blakely has the same procedural effect as Apprendi, increasing the accuracy of the sentence but not the conviction. Because the Blakely rule does not improve the accuracy or fairness of a trial, we conclude that it is not a watershed rule subject to retroactive application on collateral review.").
 {¶ 24} This Court as well as numerous other courts around the State has found Blakely does not apply retroactively to cases already final on direct review. State v. Craig, Licking App. No. 2005CA16,2005-Ohio-5300; State v. Myers, Franklin App. No. 05AP-228,2005-Ohio-5998 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095; State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding U.S. Supreme Court did not make Blakely retroactive to cases already final on direct review).
 {¶ 25} As previously stated, in Booker, supra, the United States Supreme Court limited its holdings in Blakely and Apprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review. Appellant's case is before us on appeal from a denial of his petition for post-conviction relief, not from direct appeal. As such, appellant has failed to meet his burden under R.C. 2953.23(A) (1) to file an untimely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition.
 {¶ 26} We additionally find that appellant further cannot meet the requirements of R.C. 2953.23(A) (1) (b) or R.C. 2953.23(A) (2). The sentencing issues raised by appellant do not relate to his conviction or to a death sentence. See State v. Graber, Stark App. No. 2004CA00344,2005-Ohio-2413, ¶ 16.
 {¶ 27} The assignment of error is overruled.
 {¶ 28} The judgment of the Fairfield County Common Pleas Court is affirmed.
Gwin, P.J., Edwards, J., and Boggins, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Common Pleas Court is affirmed. Costs to appellant.