OPINION
{¶ 1} Defendant-appellant Kevin L. Moses appeals his conviction in the Richland County Court of Common Pleas on one count of aggravated robbery. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} According to testimony presented at trial, on August 27, 2001, LaVon Cox stopped in the parking lot of a carry-out store to use a pay phone in order to call her husband regarding a tire problem. She exited the vehicle to make the call, but returned to retrieve additional change. She looked up and saw a black gentleman running from the back of the parking lot along the side of the car. At the same time, she saw a police officer pulling up to a red light. She asked the gentleman if he was using the phone. He did not respond, grabbed the phone and walked around the pole, watching the policeman at the red light. The gentleman hung up the phone and walked away.
 {¶ 3} Cox then exited her vehicle, tried again unsuccessfully to call her husband, returned to her vehicle and started the engine. She testified she was putting the car into reverse, when the gentleman jumped in her car, held a gun to her head and demanded her wallet. She gave him the wallet, asked if he also wanted her car, and he "went running down Bowman." The wallet contained identification and credit cards, as well as $320 in cash. Cox described herself as "scared," and fearful she was going to be shot. She proceeded to follow the man to see where he was going, and eventually lost sight of him.
 {¶ 4} Cox testified she then returned to the carry-out and saw a number of "black gentlemen" standing around behind the drive-through. She approached them and asked "where their brother or whatever" was. She told them she was going to call the police, and returned to Bowman Street where she flagged down a police officer. The officer was from Shelby, a neighboring municipality.
 {¶ 5} The officer testified he did not recall Cox mentioning a gun to him. He testified she left the scene within "maybe 20 seconds" after he stopped.
 {¶ 6} Cox testified the officer told her to wait while he called the local police, but she refused because she needed gas in her car, was upset and felt unsafe. She called the Mansfield police when she arrived at home, reporting the robbery.
 {¶ 7} Officer Keith Porch of the Mansfield Police Department was dispatched to the Cox residence, whereupon he informed her he was the officer who had passed by earlier as the man observed him from the pay phone. He testified that upon arriving at her house, Cox was "[a]ngry, upset, distraught, very upset that a gun was in her face. She described it perfectly to me." Tr. at 197. He stated the area, where the young men were gathered, is one "suspected of drug activity."
 {¶ 8} Cox went to the station, gave a statement and identified appellant from a photo array.
 {¶ 9} Patrolman Duncan of the Mansfield Police Department testified he assisted in the apprehension of appellant. He recalled, upon his arrest, officers found a baggy with a small piece of an off-white substance in appellant's pocket, which testing revealed to be a "counterfeit controlled substance."
 {¶ 10} At trial, appellant testified he knew Cox for some time, and she had "purchased narcotics" from him in the past. He admitted he was in the area where the alleged robbery occurred, but denied using the pay phone or robbing Cox. He stated Cox was looking for drugs on the day of the alleged robbery. He denied having access to a .38 caliber handgun.
 {¶ 11} Appellant was indicted on one count of aggravated robbery, a first degree felony, with a firearm specification. The case was tried to a jury on November 15 and 16, 2001. The jury acquitted appellant on the firearm specification but convicted him on the aggravated robbery count. The trial court sentenced appellant to a seven year prison term.
 {¶ 12} Appellant appealed his conviction to this Court. We affirmed his conviction in State v. Moses, Richland App. No. 01CA104,2002-Ohio-3832. On February 10, 2003, appellant filed an Application for Reopening pursuant to Ohio Appellate Rule 26(B)(5). In his application, appellant claimed his appellate counsel was ineffective for failing "to raise the issue that the trial court abused its discretion by failing to instruct the***jury on the lesser included offense of robbery" and for failing "to raise the issue that appellant received ineffective assistance of trial counsel" regarding trial counsel's failure to request the lesser included offense instruction. We granted the application.
 {¶ 13} Pursuant to Appellate Rule 26(B), appellant raises the following assignment of error as on initial appeal:
 {¶ 14} "The Appellant Was Denied The Effective Assistance Of Counsel In Violation Of His Fourteenth Amendment Rights Under The United States Constitution And Article I Section 10 Of The Ohio Constitution Where Trial Counsel Did Not Ensure That The Trial Court Instruct The Appellant's Jury On The Lesser Included Offense Of Robbery; Appellant Was Further Denied His Right To A 8Fair Trial Regardless Of The Effectiveness Of His Trial Counsel Where The Trial Court Failed To Give The Same Instruction."
 I {¶ 15} In the sole assignment of error, appellant maintains he was denied the effective assistance of counsel, where his trial counsel did not request the trial court instruct the jury on the lesser included offense of robbery. He further contends he was denied his right to a fair trial where the trial court failed to give the same instruction.
 {¶ 16} The standard when reviewing an ineffective assistance ofcounsel claim is well-established. Pursuant to Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373.
{¶ 17} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 18} Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. Statev. Carver (1995), 72 Ohio St.3d 545, 558. The failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel. State v.Clayton (1980), 62 Ohio St.2d 45; State v. Griffie, (1996),74 Ohio St.3d 332, 333. Therefore, appellant's ineffective assistance argument is overruled.
 {¶ 19} We next address appellant's argument the trial court erred in failing to instruct the jury on the lesser included offense of robbery. Appellant failed to request such an instruction at trial; therefore, waiving all but plain error, i.e. but for the error, the outcome of the trial clearly would have been otherwise. See, State v.Goodwin, 84 Ohio St.3d 331, 347, 1999 Ohio 356; State v. Underwood(1983), 3 Ohio St.3d 12.
 {¶ 20} An instruction on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. State v. Thomas (1988), 40 Ohio St.3d 213. Upon review, we conclude there is no plain error, and the trial court did not abuse its discretion by not, sua sponte instructing the jury on the lessor included offense.
 {¶ 21} Appellant's sole assignment of error is overruled.
 {¶ 22} The judgment of the Richland County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. and, Boggins, J. concur.