OPINION
{¶ 1} Defendant-Appellant Stephen C. Conrad appeals the Judgment Entry filed on June 16, 2005, in the Tuscarawas County Court, Uhrichsville, Ohio, adopting the Magistrate's Decision of January 25, 2005, recommending that the Appellant be found guilty of the minor misdemeanor offense of disorderly conduct in violation of R.C. 2917.11(A)(1).
 {¶ 2} Plaintiff-Appellee is the City of Uhrichsville.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On or about October 3, 2004, Kenneth Koch, a Coshocton County Sheriff's Deputy, contacted the Uhrichsville Police Department to report that he had been the victim of an assault. Said altercation began at a little league football game attended by both Mr. Koch and Appellant Conrad. Mr. Koch is dating Appellant's ex-wife. Appellant Conrad wanted to take the children with him after the game but Mr. Koch refused to allow same, stating that Appellant Conrad did not possess a valid driver's license. Instead Mr. Koch drove the children to Appellant Conrad's home for the visitation with their father. Appellant Conrad greeted Mr. Koch carrying a large piece of wood approximately four or five feet long. A group of approximately ten people were also present with Appellant. Words were apparently exchanged between Mr. Koch and Appellant, which included threatening remarks by Appellant, with Appellant challenging Mr. Koch to get out of his vehicle. When Mr. Koch attempted to get out of the vehicle, Appellant pushed against the door. Mr. Koch pushed the door open while reaching through the open window and grabbing the piece of wood. Mr. Koch managed to restrain Appellant by maneuvering the piece of wood around the front of Appellant and holding it tight against his chest. At that time, Mr. Koch was hit in the back of the head and a number of people jumped on him from behind. The police were called and an incident report was taken.
 {¶ 4} On October 25, 2004, a Complaint was filed charging Appellant with one count of Assault, in violation of R.C.2903.13(A), a first degree felony.
 {¶ 5} On October 26, 2004, Appellant was arraigned and entered a plea of not guilty to said charge.
 {¶ 6} On January 7, 2005, this matter was tried before a magistrate. At said trial, the court heard testimony from five witnesses for the City, which included the victim, both of Appellant's sons, the responding police officer and an independent eye witness. Appellant presented no witnesses.
 {¶ 7} The Magistrate's Decision was filed January 25, 2005, finding Appellant not guilty of the charge of assault but finding that Appellant was guilty of minor misdemeanor disorderly conduct.
 {¶ 8} On February 8, 2005, Appellant filed an Objection to the Magistrate's Decision and a Motion for a Copy of Transcript.
 {¶ 9} On February 8, 2005, the court granted the motion for a copy of the transcript.
 {¶ 10} On June 1, 2005, the court, having received the transcript, granted each party ten days to file written arguments with regard to Appellant's objections to the Magistrate's Decision.
 {¶ 11} On June 13, 2005, Appellant filed a written argument in support of his Objection to Magistrate's Decision arguing that disorderly conduct is not a lesser included offense of assault.
 {¶ 12} On June 16, 2005, the trial court filed a Judgment Entry adopting the Magistrate's Decision of January 25, 2005.
 {¶ 13} It is from this conviction and sentence that Appellant now appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 14} "I. MINOR MISDEMEANOR DISORDERLY CONDUCT IS NOT A LESSER INCLUDED OFFENSE OF ASSAULT."
 I. {¶ 15} Appellant argues that the trial court erred in finding that minor misdemeanor disorderly conduct is a lesser included offense of assault. We agree.
 {¶ 16} In State v. Deem (1988), 40 Ohio St.3d 205,533 N.E.2d 294, at paragraph three of the syllabus, the Supreme Court set forth a three-part test to determine when an offense may be a lesser-included offense of another offense:
 {¶ 17} An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
 {¶ 18} R.C. § 2903.13, which defines assault, provides in relevant part as follows: (A) No person shall knowingly cause or attempt to cause physical harm to another . . . Pursuant to R.C. § 2901.22(B), a person acts knowingly when he is aware that his conduct will probably cause a certain result.
 {¶ 19} R.C. § 2917.11(A), which defines disorderly conduct, provides in relevant part as follows:
 {¶ 20} "A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
 {¶ 21} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior.
 {¶ 22} "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person;
 {¶ 23} "(3) Insulting, taunting, or challenging another, under circumstances in which such conduct is likely to provoke a violent response;
 {¶ 24} "* * *
 {¶ 25} "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."
 {¶ 26} A person acts "recklessly" when, "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result * * *." R.C. § 2901.22(C). Disorderly conduct is a minor misdemeanor. R.C. § 2917.11(E).
 {¶ 27} The Tenth Appellate District has held that disorderly conduct is not a lesser included offense of assault. State v.Neal (Sept. 1, 1998), Franklin App. No. 97APA12-1676, unreported. It reasoned:
 {¶ 28} "[A]ll the pertinent theories for disorderly conduct require proof that an offender caused "inconvenience, annoyance or alarm." * * * Annoyance and alarm are each mental states and, therefore, are not part of the concept of physical harm set forth in the assault statute * * *.
 {¶ 29} "Inconvenience is a totally distinct concept and also not a part of the concept of physical harm. Inconvenience can have physical elements, but also can be purely mental in its scope. Thus, applying the Deem standard * * *, the inconvenience element does not qualify disorderly conduct as a lesser included offense of assault."
 {¶ 30} Based on the foregoing, we find Appellant's sole assignment of error well-taken and hereby sustain same.
 {¶ 31} The decision of the Tuscarawas County Court is reversed.
By: Boggins, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court, Uhrichsville, Tuscarawas County, Ohio is reversed. Costs assessed to Appellee.