OPINION
{¶ 1} Appellant Kevin Moses ("Appellant") appeals the decision of the Richland County Court of Common Pleas that denied his motion to vacate sentence. The following facts give rise to this appeal.
 {¶ 2} The Richland County Grand Jury indicted appellant on September 18, 2001, for one count of aggravated robbery and a firearm specification. This matter proceeded to trial on November 15, 2001. Following deliberations, the jury found appellant guilty of the aggravated robbery charge and not guilty of the firearm specification. The trial court sentenced appellant to a seven-year prison term.
 {¶ 3} Appellant appealed his conviction to this court. We affirmed appellant's conviction on June 25, 2002. See State v.Moses, Richland App. No. 01CA104, 2002-Ohio-3832. Appellant filed an application to reopen his appeal on February 10, 2003. We granted appellant's application. However, on October 30, 2003, we again affirmed appellant's conviction. See State v. Moses,
Richland App. No. 2001CA104, 2003-Ohio-5830. Appellant appealed to the Ohio Supreme Court. On March 24, 2004, the Court denied appellant jurisdiction to pursue his appeal and dismissed the case.
 {¶ 4} Thereafter, on November 24, 2004, appellant filed, in the trial court, a motion to vacate sentence on the basis that his sentence violated the holdings of Apprendi v. New Jersey
(2000), 530 U.S. 466 and Blakely v. Washington (2004),124 S.Ct. 2531. The trial court denied appellant's motion on November 29, 2005. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration.
 {¶ 5} "I. THE APPELLANT WAS SENTENCED IN VIOLATION OF THEEIGHTH, SIXTH AND FOURTEENTH AMENDMENT (SIC) TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION WHEN THE STATE TRIAL COURT SENTENCED HIM TO MORE THAN THE STATUTORY MINIMUM SENTENCE AGAINST THE MANDATES EMBODIED INAPPRENDI V. NEW JERSEY, 530 U.S. 466, AND BLAKELY V.WASHINGTON, (2004) 124 S.CT. 2531."
 I. {¶ 6} In his sole assignment of error, appellant maintains the trial court erred when it sentenced him to a seven-year prison term because the jury never made judicial findings necessary to impose more than the minimum term of incarceration. We disagree.
 {¶ 7} Although appellant titled his motion, before the trial court, a "Motion to Vacate Sentence," we find appellant's motion to be a petition for postconviction relief. In State v.Reynolds (1997), 79 Ohio St.3d 158, syllabus, the Ohio Supreme Court held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."
 {¶ 8} As previously noted, appellant filed a direct appeal on December 20, 2001. We affirmed appellant's conviction and sentence on June 25, 2002. We again affirmed appellant's reopened appeal on October 30, 2003. In order to file a timely petition for postconviction relief, appellant was required to comply with R.C. 2953.21(A)(2). Pursuant to this statute, a petition for postconviction relief must be filed no later than 180 days after the date the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App.R. 3(A) and 4(A). A trial court may not entertain a motion that is filed after the timeframe set forth in R.C.2953.21(A)(2).
 {¶ 9} Appellant filed his motion on November 24, 2004, well beyond the time period within which to file a petition for postconviction relief. However, R.C. 2953.23(A) provides certain factors, that if present, would except a petition from the prescribed filing time. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for postconviction relief unless both of the following apply:
 {¶ 10} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 11} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 12} In the case sub judice, appellant contends his sentence violates the United States Supreme Court's holdings inApprendi and Blakely because the trial court sentenced him to a seven-year prison term and the jury never made judicial findings necessary to impose more than the minimum term of incarceration.
 {¶ 13} Appellant's reliance on Apprendi and Blakely is misplaced as these decisions only apply to cases on direct appeal. Because the appeal in the case sub judice does not come to us on direct appeal from the original sentence, but rather postconviction relief, we reject appellant's argument. NeitherApprendi nor Blakely apply retroactively. See State v.Cates (May 30, 2006), Fairfield App. No. 2005-CA-0097 and Statev. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299.
 {¶ 14} Appellant's sole assignment of error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Wise, P.J. Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs assessed to Appellant.