OPINION
¶ 1} Defendant-appellant Yolanda Sankey appeals her conviction of one count of assault in violation of R.C. 2903.13
following a jury trial in the Canton Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND LAW ¶ 2} Victim Karen Beaver was involved with a man named Robert Smitherman, with whom she has a child. Appellant, a former girlfriend of Smitherman, also has a child fathered by him.
¶ 3} On May 25, 2005, Beaver accompanied Smitherman to the home of appellant's mother to drop off Smitherman's child with appellant. Smitherman parked on the street in front of the home, and appellant walked to the car to retrieve her son, who was buckled in a car seat in the rear passenger side of the vehicle. Appellant asked Beaver, who was buckled in the front passenger seat, to unlock the door, and as appellant was unbuckling her son she began striking Beaver about the head. Smitherman exited the car and pulled appellant from Beaver, at which time appellant began striking Beaver through the partially open front passenger window. Appellant then moved to the front driver side of the vehicle and continued her attack of Beaver.
¶ 4} Canton police were called in response to the attack, at which time Beaver was observed with visible injuries, including scratch marks on her face. In addition, Beaver received a scratch to her chest and a swollen finger. Beaver received emergency room treatment for her injuries.
¶ 5} On June 9, 2005, Beaver filed a complaint against appellant alleging assault in violation of R.C. 2903.13. A warrant was issued for appellant, who was arrested on August 29, 2005. On October 18, 2005, a jury trial was held before the Canton Municipal Court. During the trial the appellant maintained that during the course of the May 25, 2005, incident she acted in self defense. The jury found appellant guilty of assault. Appellant appeals her conviction, asserting the following assignments of error:
¶ 6} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DID NOT SUA SPONTE INSTRUCT AND ALLOW THE JURY TO CONSIDER THE LESSER INCLUDED OFFENSE OF DISORDERLY CONDUCT.
¶ 7} "II. THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT, MS. YOLANDA SANKEY, OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HER GUILTY, AS THE VERDICT FOR THE CHARGE OF ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
¶ 8} "III. APPELLANT MS. YOLANDA SANKEY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
¶ 9} "IV. THE TRIAL COURT ERRED BY NOT DECLARING A MISTRIAL AS A RESULT OF PROSECUTORIAL MISCONDUCT AND THEREBY DEPRIVED THE APPELLANT, MS. YOLANDA SANKEY, OF A FAIR TRIAL AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION."
 I ¶ 10} In her first assignment of error, appellant argues that the trial court erred in failing to instruct the jury, sua sponte, on the lesser included offense of disorderly conduct. We disagree.
¶ 11} Appellant did not request a jury instruction on disorderly conduct at the time of trial, and has therefore waived all but plain error. See, State v. Dennis, Franklin App. No. 04AP-595, 2005-Ohio-1530; State v. Goodwin (1999),84 Ohio St.3d 331, 347, 1999-Ohio-356, 703 N.E.2d 1251; State v. Moses,
Richland App. No. 2001CA104, 2003-Ohio-5830, at ¶ 19.
¶ 12} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See, State v. Cooperrider (1983), 4 Ohio St.3d 226,448 N.E.2d 452. An alleged error does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Stojetz, 84 Ohio St.3d 452, 455,1999-Ohio-464, 705 N.E.2d 329.
¶ 13} The test to determine whether a jury instruction on a lesser included offense is warranted was set forth by the Court in the case of State v. Wilkins (1980), 64 Ohio St.2d 382,415 N.E.2d 303. First, the trial court must determine whether the requested instruction is a lesser included offense of the charged offense. Second, the trial court must determine whether the evidence presented is sufficient for the jury to return a guilty verdict on the lesser offense and not the greater offense. Id. at 384, 388. See, also, State v. McElfresh (April 8, 1998), Tuscarawas App. No. 97 CR 98, 1998 WL 517860.
¶ 14} The Ohio Supreme Court, in the case of State v. Deem
(1988), 40 Ohio St.3d 205, 533 N.E.2d 294, set forth a three part test to determine when an offense may be a lesser included offense of another offense: "[a]n offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense, cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." Id. at paragraph 3 of the syllabus.
¶ 15} In the case sub judice, the appellant was charged with assault in violation of R.C. 2903.13, which provides:
"(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
(B) No person recklessly cause serious physical harm to another or to another's unborn.
(C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), (3), (4), or (5) of this section, assault is a misdemeanor of the first degree. . . ."
¶ 16} Disorderly conduct is defined by R.C. 2917.11:
"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
(1) engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior. . . .
(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender. . . .
(E)(1) Whoever violates this section if guilty of disorderly conduct.
(2) Except as otherwise provided in division (E)(3) of this section, disorderly conduct is a minor misdemeanor. . . ."
 {¶ 16} In City of Uhrichsville v. Conrad, Tuscarawas App. No 2005 AP 06 0042, 2006-Ohio-1293, this court applied the Deem
standard in analyzing whether minor misdemeanor disorderly conduct was a lesser included offense of assault. In applyingDeem, this court adopted the reasoning as set forth in Statev. Neal (Sept. 1, 1998), Franklin App. No. 97APA12-1676, which held that since the "inconvenience, annoyance and alarm" elements of disorderly conduct were mental states, and not part of the concept of the physical harm element of assault, disorderly conduct was not a lesser included offense of assault. We thus held in Conrad that disorderly conduct was not a lesser included offense of assault.
 {¶ 17} Assuming arguendo that disorderly conduct was a lesser included offense of assault, an instruction on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. See,Goodwin, supra; State v. Thomas (1988), 40 Ohio St.3d 213,533 N.E.2d 286, paragraph two of the syllabus, cert. den.,493 U.S. 826, 110 S.Ct. 89, 107 L.Ed.2d 54 (1989).
 {¶ 18} Appellant was charged with one count of assault pursuant to R.C. 2903.13. In order to convict the appellant of assault, the state had to prove beyond a reasonable doubt that appellant knowingly caused physical harm to Beaver. Mr. Smitherman testified that appellant struck Beaver about the head, first from the backseat as she was leaning in to get her son, again through the passenger side window, and yet again through the driver side door. Ms. Beaver testified similarly, and testified further that she suffered scratches on her face and chest, a swollen finger, and severe headaches as a result of the attack. The appellant's sister testified that she observed the appellant and the victim fighting. The appellant herself admitted that she struck the victim, but claimed that the victim struck her first. This evidence could not have reasonably supported an acquittal of the crime charged and a conviction on the offense of disorderly conduct.
 {¶ 19} Accordingly, the trial court's failure to sua sponte instruct the jury on the offense of disorderly conduct does not constitute plain error. Appellant's first assignment of error is overruled.
 II {¶ 20} In her second assignment of error, the appellant argues that the jury's verdict was against the manifest weight of the evidence. We disagree.
 {¶ 21} It is axiomatic that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus,376 N.E.2d 578. Upon review, an appellate court must consider all of the evidence produced at trial, and in order to overturn a conviction, must find that the jury clearly lost its way and created a "manifest miscarriage of justice." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, superceded by constitutional amendment on other grounds as stated by State v. Smith, 80 Ohio St.3d 89, 1997-Ohio-355,684 N.E.2d 668. In effect, the appellate court sits as a "thirteenth juror" and "disagrees with the factfinder's resolution of the conflicting testimony." Thompkins at 387. The standard is difficult to meet, as the rule is necessary "to preserve the jury's role with respect to issues surrounding the credibility of witnesses." Id. at 389.
 {¶ 22} A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson, 66 Ohio St.3d 610, 616, 1993-Ohio-9,614 N.E.2d 742, rehearing denied, (1993), 67 Ohio St.3d 1439,617 N.E.2d 688.
 {¶ 23} In the case sub judice, the jury heard the testimony of all the witnesses, including appellant. The jury considered all of the evidence, including the affirmative defense of self-defense. The jury was properly instructed, and even instructed by the trial court sua sponte on the issue of self-defense. There is no evidence to suggest that the jury based its decision on sympathy or bias. The jury did not "lose its way and create a manifest miscarriage of justice", and its verdict is not against the manifest weight of the evidence. Accordingly, the appellant's second assignment of error of overruled.
 III {¶ 24} In her third assignment of error, appellant claims that she was denied effective assistance of counsel, arguing that her counsel was ineffective for two reasons: 1) for not requesting a jury instruction on the lesser included offense of disorderly conduct; and, 2) for failing to object to inflammatory comments made by the prosecutor during opening and closing statements. We disagree.
 {¶ 25} The Ohio Supreme Court has recently spoken on the issue of ineffective assistance of counsel, stating:
 {¶ 26} "Reversal of a conviction or sentence based upon ineffective assistance of counsel requires satisfying the two-prong test set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. Strickland requires that the defendant show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Id. at 687. In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.; Statev. Bradley (1989), 42 Ohio St.3d 136, 143, 538 N.E.2d 373."State v. Conway, 109 Ohio St.3d 412, 2006-Ohio-2815,848 N.E.2d 810, at ¶ 95. See also, State v. Moss, Licking App. No. 05 CA 74, 2006-Ohio-2524, at ¶ 7.
 {¶ 27} Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267, recon. den., (1998),82 Ohio St.3d 1444, 695 N.E.2d 266. The decision not to request a jury instruction on the lesser included offense of disorderly conduct did not, in this case, fall below an objective standard of reasonable representation, nor was it violative of counsel's essential duties to the appellant. In fact, as set forth in our analysis of appellant's first assignment of error, it wasn't warranted. Furthermore, it was inconsistent with the appellant's trial strategy of self defense.
 {¶ 28} Finally, the failure of appellant's trial counsel to move for a mistrial based upon comments made by the prosecutor during opening and closing statements also did not fall below an objective standard of reasonable representation since, as discussed below, the trial court gave a curative instruction regarding the statement made in closing argument, and further, the comments did not prejudice the appellant. Accordingly, appellant's third assignment of error is overruled.
 IV {¶ 29} In her fourth assignment of error, appellant claims that the trial court erred in not declaring a mistrial due to prosecutorial misconduct. We disagree.
 {¶ 30} The appellant did not move for a mistrial following the alleged prosecutorial misconduct. Accordingly, we once again apply the plain error standard of review.
 {¶ 31} When determining whether a prosecutor's conduct rises to the level of prosecutorial misconduct, an appellate court must decide whether the prosecutor's actions were improper, and, if so, whether the substantial rights of the defendant were actually prejudiced. State v. Smith (1984), 14 Ohio St.3d 13, 14,470 N.E.2d 883. Ultimately, the prosecuting attorney's trial conduct can only be made a ground for error on appeal if the conduct deprives the defendant of a fair trial. State v. Apanovitch
(1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394. Furthermore, "[i]solated comments by a prosecutor are not to be taken out of context and given their most damaging meaning." State v. Hill
(1996), 75 Ohio St.3d 195, 204, 661 N.E.2d 1068, recon. den., (1996), 75 Ohio St.3d 1453, 663 N.E.2d 333. The appellant must show that there is a reasonable probability that but for the prosecutor's misconduct, the result of the proceeding would have been different. State v. Loza (1994), 71 Ohio St.3d 61, 78-79,641 N.E. 2d 1082, overruled on other grounds.
 {¶ 32} The appellant argues that the prosecutor made two comments that prejudiced her right to a fair trial. First, the prosecutor remarked during opening statements that "this case is about a cowardly act." Appellant claims that this statement was inflammatory, was the prosecutor's personal opinion, and was damaging to the fairness of the trial. As stated above, comments made by the prosecutor must be reviewed in their context, and not reviewed out of context and given their most damaging meaning. The prosecutor's comment herein was made with reference to the fact that the victim was attacked from behind as she sat in a car, seatbelt on, unable to easily move about and otherwise protect herself. Although the comment represents the opinion of the prosecutor regarding the actions of the appellant on the day in question, it does not go to the justness of the cause, the credibility of the witness, or the guilt or innocence of the accused. See, DR 7-106(C)(2). Nor does it rise to the level of "insinuations and assertions calculated to mislead the jury". Moreover, the trial court instructed the jury that opening statements are not evidence. See, State v. Jalowiec (2001),91 Ohio St.3d 220, 226, 744 N.E.2d 163, recon. den., (2001),91 Ohio St.3d 1530, 747 N.E.2d 254. The statement thus did not rise to the level of prosecutorial misconduct.
 {¶ 33} Second, the appellant argues that the prosecutor remarked during closing statements that "the State no longer has to prove anything, nothing at all."
 {¶ 34} Counsel is afforded wide latitude during closing argument to present the most convincing position on behalf of his or her client. State v. Stephens (1970), 24 Ohio St.2d 76, 82,263 N.E.2d 773. It is proper for the prosecution to comment on the evidence in closing argument and to state the appropriate conclusions to be drawn there from. State v. Draughn (1992), 76 Ohio App.3d 664, 670, 602 N.E.2d 790. The prosecution may urge its theory of what the evidence indicates, so long as it does not mislead the jury. State v. Malone (Sept. 24, 1986), 9th Dist. Nos. 12533 12542, 1986 WL 10586, at *2.
 {¶ 35} Again, the prosecutor's statement must be reviewed in the context of the trial, and not in isolation. A review of the trial transcript reveals that the prosecutor's comment was made in reference to the appellant's assertion of the affirmative defense of self defense. Further, the trial court immediately responded to the comment in order to prevent confusion of the jury:
 {¶ 36} "BY THE COURT: I believe that is a misstatement of the law Mr. Barner. Well, I just — ladies and gentlemen, you know I've been telling you this whole trial that what the attorneys say is not evidence and the Court is the, has the sole obligation sole duty to provide you with the law and this is, this is an example of why that is so. I will instruct you on burden of proof, I will instruct you the State always has the burden of proof beyond a reasonable doubt on the charge. There is an issue of self defense which can be defense to the charge of assault and it is true the defendant does have the burden of proving a self defense by a preponderance of the evidence, however, that never relieves the State from its burden of proving that there was a crime committed and that burden is beyond a reasonable doubt, and you'll be instructed on this, I will give you the written instructions. If there are any questions that you will have about it, I will explain to you the procedure to go about and [sic] asking those questions so you will be well versed in the law by the time you go into the jury room and commence your deliberations. All right, Mr. Barner you may preceed [sic]." Tr. At 86.
 {¶ 37} We presume the jury followed the court's instructions when deliberating in this case. See, e.g., State v. Ahmed,103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, at ¶ 147; Statev. Downing, Summit App. No. 22012, 2004-Ohio-5952, at ¶ 51. Thus, any misstatement of law with regard to the burden of proof was "cured by the instruction of the trial court judge." Id.
 {¶ 38} The prosecutor's statements did not rise to the level of prosecutorial misconduct, and the trial court did not err in failing to declare a mistrial. Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 39} Based upon the foregoing, the decision of the Canton Municipal Court is hereby affirmed.
Edwards, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court is hereby affirmed. Costs assessed to appellant.