OPINION *Page 2 
{¶ 1} Appellant Richard D. Sturkey appeals from the denial in the Muskingum County Court of Common Pleas of his postconviction "motion to vacate sentence." The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 16, 2003, appellant was indicted by the Muskingum Grand Jury on one count of felony-three drug trafficking in the vicinity of a school, one count of felony-three possession of drugs, one count of felony-two drug trafficking in the vicinity of a school, and two counts of felony-four drug trafficking in the vicinity of a school. On March 6, 2003, with the advice of counsel, appellant entered pleas of guilty to all five counts in said indictment.
 {¶ 3} On April 28, 2003, the trial court, upon considering a plea agreement between appellant and the State, sentenced appellant to a term of six years in prison. Appellant did not appeal at that time.
 {¶ 4} On February 20, 2004, appellant sought leave from this Court to file a delayed appeal, which we subsequently denied. See Muskingum App. No. CT2004-0008.
 {¶ 5} On October 21, 2005, appellant filed with the trial court a "motion to vacate or set aside judgment of sentence." The trial court denied said motion on November 21, 2005. Appellant did not appeal.
 {¶ 6} On October 19, 2006, appellant filed a "motion to vacate sentence," claiming his trial counsel had been ineffective for failing to raise an issue of the purported failure of pretrial discovery of police laboratory reports. Appellant's motion *Page 3 
was not supported by any documentation or affidavits, and was denied by the trial court on November 13, 2006.
 {¶ 7} Appellant filed a notice of appeal on December 11, 2006. He herein raises the following three Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW IN DISMISSING APPELLANT'S MOTION TO VACATE SENTENCE ON THE GROUNDS THAT IT WAS UNSUPPORTED BY THE RECORD WHERE THE RECORD CLEARLY SHOWS THAT THE STATE HAD FAILED TO DELIVER STATUTORILY REQUIRED DOCUMENTS (RC2925.51(B), LABORATORY TEST RESULTS) TO THE DEFENSE, AND THE RECORD CLEARLY SHOWS THAT DEFENDANT'S COUNSEL FAILED IN HIS OBLIGATION TO RAISE THE ISSUE AT TRIAL.
 {¶ 9} "II. THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW IN DISMISSING APPELLANT'S MOTION TO VACATE SENTENCE ON THE GROUNDS THAT IT WAS UNSUPPORTED BY THE MOTION WHERE THE MOTION CLEARLY STATED THAT THE STATE HAD FAILED TO DELIVER STATUTORILY REQUIRED DOCUMENTS (RC2925.51(B), LABORATORY TEST RESULTS) TO THE DEFENSE, AND THE RECORD CLEARLY SHOWS THAT DEFENDANT'S COUNSEL FAILED IN HIS OBLIGATION TO RAISE THE ISSUE AT TRIAL.
 {¶ 10} "III. THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT-APPELLANT'S GUILTY PLEA ON COUNTS TWO, THREE, AND FOUR WITH NO EVIDENCE BEFORE THE COURT THAT ANY CRIME HAD ACTUALLY BEEN COMMITTED." *Page 4 
 I., II. {¶ 11} In his First and Second Assignments of Error, which are nearly identically captioned, appellant challenges the denial of his motion to vacate sentence, which recites Civ.R. 60(B).
 {¶ 12} Ohio courts have allowed the use of a Civ.R. 60(B) motion in a criminal case in very limited circumstances. See State v. Cottrill, Licking App. No. 2006-CA-79, 2007-Ohio-2006, ¶ 11. However, in State v.Reynolds (1997), 79 Ohio St.3d 158, syllabus, the Ohio Supreme Court held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Thus, in the case sub judice, we find appellant's "motion to vacate sentence" to be a petition for postconviction relief. Accord State v. Moses, Richland App. No. 05 CA 130, 2006-Ohio-3029, ¶ 7.
 {¶ 13} The pertinent jurisdictional time requirements for a postconviction petition are set forth in R.C. 2953.21(A)(2) as follows: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *Page 5 
 {¶ 14} In order for a trial court to recognize an untimely or successive postconviction petition pursuant to R.C. 2953.23(A)(1), both of the following requirements must apply:
 {¶ 15} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 16} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 17} A court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements in R.C.2953.23(A). State v. Demastry, Fairfield App. No. 05CA14,2005-Ohio-4962, ¶ 15. Here, appellant filed the postconviction motion leading to this appeal more than three years after his 2003 conviction and sentence, and subsequent to another postconviction motion in 2005. Having reviewed the record and appellant's brief, we find appellant completely fails to demonstrate compliance with the requirements of R.C.2953.23(A)(1).
 {¶ 18} Accordingly, appellant's First and Second Assignments of Error are overruled. *Page 6 
 III. {¶ 19} In his Third Assignment of Error, appellant contends the trial court erred in originally accepting three of his pleas.
 {¶ 20} Appellant appears to be seeking appellate review of his 2003 conviction without obtaining leave in this case for a delayed appeal. App.R. 4(A) states: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 21} The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored. State v. Alexander, Franklin App. Nos. 05AP-129, 05AP-245,2005-Ohio-5997, ¶ 17.
 {¶ 22} Accordingly, we find this Court lacks jurisdiction to address appellant's Third Assignment of Error.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas,
Muskingum County, Ohio, is hereby affirmed.
 Wise, J., Gwin, P. J., and Farmer, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1