OPINION
{¶ 1} Defendant-appellant Gary K. Demastry appeals from the denial by the Fairfield County Court of Common Pleas of his Motion to Vacate Sentence and Resentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant is the former Sheriff of Fairfield County, Ohio. In January, 2000, appellant was indicted on over 300 counts related to his service as an elected official, including theft in office, money laundering, and tampering with evidence. Additional charges were filed in May, 2000, and December, 2000.
 {¶ 3} Three hundred twenty-three counts were ultimately consolidated under one case number. Appellant pled not guilty to all charges. However, prior to the start of the trial in March 2001, the trial court severed 273 of the 323 counts, deferring them until a later time. The remaining 50 counts were presented to the jury. On December 11, 2001, the jury returned a verdict of guilty on 32 counts and not guilty on one count. It was a hung jury on the remaining 17 counts.
 {¶ 4} On January 18, 2002, the trial court issued a judgment of sentence. Appellant was sentenced to six years in prison for one count of engaging in a pattern of corrupt activity. Appellant was sentenced to five years in prison on one count of conspiracy to engage in a pattern of corrupt activity. Appellant was sentenced to four years in prison on each of 22 counts of evidence tampering or complicity in evidence tampering. Appellant was further sentenced to 12 months of incarceration on each of four counts of theft in office or complicity to commit theft in office (some of which were pre-S.B. 2). Finally, appellant was sentenced to nine months of incarceration for obstructing justice.
 {¶ 5} In regard to the misdemeanor convictions, appellant received the following sentences. On two counts of soliciting or receiving improper compensation, appellant was sentenced to six months of incarceration on each count. On one count of filing a false financial-disclosure statement, appellant was given a six-month sentence.
 {¶ 6} All of the aforesaid felony and misdemeanor sentences were ordered to be served concurrently. On January 24, 2002, the trial court filed a corrected version of that same entry to remedy a ministerial error.
 {¶ 7} On February 15, 2002, appellant filed a timely notice of appeal. On September 30, 2002, appellant filed the trial transcript in the Court of Appeals. On October 17, 2003, this court affirmed appellant's conviction and sentence.
 {¶ 8} On December 10, 2004, appellant filed a "Motion to Vacate Sentence and Resentence in Light of Blakely v. Washington (2004),124 S.Ct. 2531." By Judgment Entry filed January 18, 2005, the trial court denied appellant's motion. In general, the trial court denied appellant's motion based upon a finding that appellant's motion was actually an untimely petition for postconviction relief and appellant's Blakely
argument failed, among other reasons, because Blakely failed to recognize a new constitutional right that applied retroactively.
 {¶ 9} It is from the January 18, 2005, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 10} "THE TRIAL COURT ERRED IN REFUSING TO ORDER A NEW SENTENCING HEARING CONTRARY TO APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A JURY VERDICT ON ANY FACT REQUIRED TO SUPPORT THE IMPOSITION OF A NON-MINIMUM PRISON SENTENCE, CONTRARY TO BLAKELY V. WASHINGTON (2004),124 S. CT. 2531; AND UNITED STATES V. BOOKER (2005), 125 S.CT. 738, ANDUNITED STATES V. FANFAN. THE SENTENCING VIOLATIONS IN THIS CASE VIOLATE A DEFENDANT'S RIGHT TO A JURY TRIAL UNDER THE SIXTH AMENDEMENT [SIC], HIS RIGHT TO DUE PROCESS AND DOUBLE JEOPARDY PROTECTIONS UNDER THE STATE AND FEDERAL CONSTITUTION."
 {¶ 11} Appellant argues that the trial court erred when it refused to resentence appellant pursuant to Blakely v. Washington. We disagree.
 {¶ 12} Appellant's motion to vacate sentence and resentence was, in essence, a motion for postconviction relief. See State v. Reynolds
(1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus. In reviewing a trial court's denial of a petition for postconviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v.Delgado (May 14, 1998), Cuyahoga App. No. 72288 (citing State v.Mitchell (1988), 53 Ohio App.3d 117, 120). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 13} The trial court found that appellant's petition was untimely. "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication . . ." R.C. 2953.21(A)(2) (in relevant part).
 {¶ 14} Appellant pursued a direct appeal. Therefore, to be timely, appellant's petition for postconviction relief had to be filed within 180 days of the filing of the transcript in the court of appeals. In this case, the transcript was filed on September 30, 2002. Appellant had 180 days from that date to file a timely petition for postconviction relief. However, appellant filed his motion on December 10, 2004, more than 26 months later. Accordingly, appellant's motion is untimely.
 {¶ 15} A court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements in R.C. 2953.23(A). State v. Warren (Dec. 14, 2000), Cuyahoga App. No. 76612;State v. Valentine (Dec. 7, 2000), Cuyahoga App. No. 77882; State v.Wheatt (Oct. 26, 2000), Cuyahoga App. No. 77292; State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058. Revised Code 2953.23(A) provides as follows, in pertinent part:
 {¶ 16} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless . . .:
 {¶ 17} "Both of the following apply:
 {¶ 18} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 19} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. R.C. 2953.23(A)(1).
 {¶ 20} Appellant filed this petition for postconvcition relief based upon Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403 and the subsequent cases relying upon Blakely,United States v. Booker and United States v. Fanfan (decided together), (2005), ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621. Based upon our review of the record, we find that the trial court did not abuse its discretion when it concluded that appellant failed to meet the requirements of R.C. 2953.23(A)(1)(a).
 {¶ 21} First, the Blakely decision has no application in the case sub judice. In Blakely, the Supreme Court held that to avoid a violation of the Sixth Amendment to the United States Constitution, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely at 2536 (quotingApprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S. Ct. 2348,147 L.Ed. 2d 435). However, in this case, the trial court did not sentence appellant to any term beyond a statutory maximum. Therefore, theBlakely decision does not apply. See State v. Hoke, Knox App. No. 05CA5, 2005-Ohio-3548. Thus, appellant has not met the requirements of R.C. 2953(A)(1)(a).
 {¶ 22} Further, we find that appellant cannot meet the requirements of R.C. 2953.23(A)(1)(b) either. The issues raised by appellant do not relate to his conviction or to a death sentence. State v. Graber, Stark App. No. 2004CA00344, 2005-Ohio-2413.
 {¶ 23} Accordingly, this court finds that the trial court did not abuse its discretion when it denied appellant's motion. Accordingly, appellant's assignment of error is overruled.
 {¶ 24} The Judgment Entry of the Fairfield County Court of Common Pleas is affirmed.
Edwards, J. Boggins, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.