[Cite as *State v. Bates*, 2012-Ohio-1080.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case Nos.   11CA000016 |
| BRYAN BATES | : |                    11CA000026 |
| | : |                    11CA000033 |
| Defendant-Appellant | : | |
| | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Case No. 07CR117 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT: | March 5, 2012 |

APPEARANCES:

For Plaintiff-Appellee

DANIEL G. PADDEN
139 West 8th Street
P.O. Box 640
Cambridge, OH  43725

For Defendant-Appellant

BRYAN BATES, PRO SE
Inmate No. 577218
P.O. Box 5500
Chillicothe, OH  45601

*Farmer, J.*

{¶1} On June 29, 2007, the Guernsey County Grand Jury indicted appellant, Bryan Bates, on twelve counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322 and thirty counts of illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323. Said counts arose from an international investigation between the United States and Canada on child pornography on the internet.

{¶2} On October 31, 2007, appellant filed a motion to suppress the search warrant issued in his case. A hearing was held on December 14, 2007. By judgment entry filed December 19, 2007, the trial court denied the motion.

{¶3} A jury trial commenced on March 25, 2008. The jury found appellant guilty as charged. By judgment entry of sentence filed April 18, 2008, the trial court sentenced appellant to an aggregate term of thirteen years in prison.

{¶4} Appellant appealed, challenging the denial of the motion to suppress, the testimony of a computer forensics expert, the manifest weight and sufficiency of the evidence, and the effective assistance of counsel. This court denied appellant's assignments of error and affirmed his convictions. *State v. Bates,* Guernsey App. No. 08 CA 15, 2009-Ohio-275.

{¶5} On April 26, 2011, appellant filed a motion to correct his sentence pursuant to Crim.R. 32(C). By judgment entry filed May 23, 2011, the trial court amended the April 18, 2008 judgment entry of sentence to specify that appellant was convicted by a jury of his peers.

**{¶6}** On June 1, 2011, appellant filed a motion to correct amended judgment entry to comport with Crim.R. 32(C). On August 4, 2011, the trial court ordered appellant to submit a proposed draft of the entry of clarification regarding Crim.R. 32(C).

**{¶7}** On August 8, 2011, appellant filed a motion to correct sentence, arguing allied offenses of similar import. By entry filed August 12, 2011, the trial court denied the motion, noting the issue should have been raised on direct appeal.

**{¶8}** On August 22, 2011, appellant filed a proposed draft of the entry for clarification regarding Crim.R. 32(C) as directed by the trial court. On August 26, 2011, the trial court filed a judgment entry of sentence pursuant to Civ.R. 60(A), again sentencing appellant to an aggregate term of thirteen years in prison.

**{¶9}** On August 29, 2011, appellant filed a motion for reconsideration on the allied offenses issue. By entry filed October 19, 2011, the trial court denied the motion.

**{¶10}** On November 21, 2011, appellant filed a request for hearing to correct sentence pursuant to R.C. 2929.14 and 2929.41 and *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856. By entry filed January 24, 2012, the trial court denied the request.

**{¶11}** Appellant filed three appeals, Case No. 11CA000016 on the trial court's May 23, 2011 order amending the sentencing entry, Case No. 11CA000026 on the trial court's August 12, 2011 entry denying appellant's motion to correct sentence regarding allied offenses, and Case No. 11CA000033 on the trial court's August 26, 2011 judgment entry on sentencing. Because the arguments in each case are basically identical, we will address them collectively.

**{¶12}** This matter is now before this court for consideration. Assignments of error in Case No. 11CA000016 are as follows:

I

{¶13} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS WHERE THE TRIAL COURT USED FACTS OUTSIDE THE FOUR CORNERS OF THE AFFIDAVIT TO ESTABLISH PROBABLE CAUSE, WHERE THE AFFIDAVIT UPON WHICH THE SEARCH WARRANT WAS BASED DID NOT ESTABLISH PROBABLE CAUSE, CONTAINED FALSE, MISLEADING AND STALE INFORMATION."

II

{¶14} "THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW WAS VIOLATED BECAUSE THE CONVICTIONS WERE BASED ON INSUFFICIENT EVIDENCE."

III

{¶15} "THE DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

IV

{¶16} "THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEREAS THE COURT DID NOT DETERMINE SPOUSAL COMPETENCY PRIOR TO THE DEFENDANT'S WIFE TESTIFYING."

V

{¶17} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ALLOWING THE STATE'S WITNESS TO TESTIFY 'WITHIN A REASONABLE DEGREE OF SCIENTIFIC CERTAINTY' WITHOUT BEING PROPERLY

CERTIFIED AS AN EXPERT IN A SCIENTIFIC FIELD OF STUDY AND WITHOUT INSTRUCTION TO THE JURY REGARDING SCIENTIFIC TEST RESULYS."

VI

{¶18} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND AN ABUSE OF DISCRETION BY ALLOWING HEARSAY TESTIMONY FROM FEDERAL AGENT'S (SIC) THAT VIOLATED APPELLANT'S CONFRONTATION CLAUSE RIGHTS GUARANTEED BY THE SIXTH AMENDMENT OF THE CONSTITUTION."

VII

{¶19} "THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEREAS APPELLANT'S SENTENCE WAS CONTRARY TO LAW."

VIII

{¶20} "THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT GUARANTEED BY THE SIXTH AMENDMENT OF THE CONSTITUTION WHEREAS, THE STATE FAILED TO PROVIDE THE DEFENDANT WITH A WRITTEN REPORT SUMMARIZING THE EXPERT WITNESS'S TESTIMONY, FINDINGS, ANALYSIS, CONCLUSIONS, OR OPINION PURSUANT TO CRIMINAL RULE 16(K)."

{¶21} Assignments of error in Case No. 11CA000026 are as follows:

I

{¶22} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS, APPELLANT'S SENTENCE WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO APPLY ALL OHIO REVISED CODE STATUTORILY MANDATED SENTENCING PROVISIONS TO THE APPELLANT'S FORTY-TWO COUNT CONVICTION."

II

{¶23} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS, APPELLANT'S CONVICTIONS FOR PANDERING SEXUALLY ORIENTED MATTER INVOLVING A MINOR AND ILLEGAL USE OF A MINOR IN NUDITY ORIENTED MATERIAL OR PERFORMANCE ARE ALLIED OFFENSE OF SIMILAR IMPORT."

III

{¶24} "THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION, COMMITTED PLAIN ERROR AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE 14TH AMENDMENT OF THE U.S. CONSTITUTION, AND SEC. 16, ART. I OF THE OHIO CONSTITUTION, WHEN AT THE SENTENCING IT FAILED TO APPLY ALL OHIO REVISED CODE STATUTORILY MANDATED SENTENCING PROVISIONS, SPECIFICALLY WHETHER APPELLANT'S CONVICTIONS WERE ALLIED OFFENSES OF SIMILAR IMPORT UNDER R.C. 2941.25."

{¶25} Assignments of error in Case No. 11CA000033 are as follows:

I

{¶26} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS WHERE THE TRIAL COURT USED FACTS OUTSIDE THE FOUR CORNERS OF THE AFFIDAVIT TO ESTABLISH PROBABLE CAUSE, WHERE THE AFFIDAVIT UPON WHICH THE SEARCH WARRANT WAS BASED DID NOT ESTABLISH PROBABLE CAUSE, CONTAINED FALSE, MISLEADING AND STALE INFORMATION."

II

{¶27} "THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW WAS VIOLATED BECAUSE THE CONVICTIONS WERE BASED ON INSUFFICIENT EVIDENCE."

III

{¶28} "THE DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

IV

{¶29} "THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEREAS THE COURT DID NOT DETERMINE SPOUSAL COMPETENCY PRIOR TO THE DEFENDANT'S WIFE TESTIFYING."

V

{¶30} "THE TRIAL COURT ERRD AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ALLOWING THE STATE'S WITNESS TO TESTIFY 'WITHIN A REASONABLE DEGREE OF SCIENTIFIC CERTAINTY' WITHOUT BEING PROPERLY CERTIFIED AS AN EXPERT IN A SCIENTIFIC FIELD OF STUDY AND WITHOUT INSTRUCTION TO THE JURY REGARDING SCIENTIFIC TEST RESULTS."

VI

{¶31} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND AN ABUSE OF DISCRETION BY ALLOWING HEARSAY TESTIMONY FROM FEDERAL AGENT'S (SIC) THAT VIOLATED APPELLANT'S CONFRONTATION CLAUSE RIGHTS GUARANTEED BY THE SIXTH AMENDMENT OF THE CONSTITUTION."

VII

{¶32} "THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEREAS THE APPELLANT'S SENTENCE WAS CONTRARY TO LAW."

VIII

{¶33} "THE APPELLANT WAS DENIED CONSTITUTIONAL RIGHT GUARANTEED BY THE SIXTH AMENDMENT OF THE CONSTITUTION WHEREAS, THE STATE FAILED TO PROVIDE THE DEFENDANT WITH THE RESULTS OF THE FORENSIC EXAMINATION AND SCIENTIFIC TEST PERFORMED BY AGENT BRYANT PURSUANT TO CRIMINAL RULE 16."

{¶34} Assignments of Error I, II, III, IV, V, VI, and VIII in Case No. 11CA000016, Assignments of Error I, II, and III in Case No. 11CA000026, and Assignments of Error I, II, III, IV, V, VI, and VIII in Case No. 11CA000033 are res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995-Ohio-331, syllabus; see also, *State v. Perry* (1967), 10 Ohio St.2d 175. Appellant either raised or could have raised these arguments during his direct appeal. We will review appellant's arguments in Assignment of Error VII in Case No. 11CA000016 and Assignment of Error VII in Case No. 11CA000033 regarding his sentence.

{¶35} Appellant argues the trial court erred in sentencing him given the Supreme Court of Ohio's ruling in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, wherein the court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no

longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Foster,* at ¶100.

**{¶36}** In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, ¶4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

**{¶37}** "In applying *Foster* to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."

**{¶38}** In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

**{¶39}** We note although in *Oregon v. Ice* (2009), 555 U.S. 160, the United States Supreme Court upheld the constitutional validity of an Oregon statute similar to Ohio's pre-*Foster* sentencing statutes, the Supreme Court of Ohio in *State v. Hodge,* 128 Ohio St.3d 1, 2010–Ohio–6320, held the *Oregon* case did not revive the *Foster* statutes, and trial courts are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences.

**{¶40}** Appellant was convicted of twelve counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322, felonies in the second degree, and thirty counts of illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323, felonies in the fifth degree. Felonies of the second degree are punishable by "two, three, four, five, six, seven, or eight years" and felonies of the

fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(2) and (5). In its judgment entry on sentencing filed August 28, 2011, the trial court sentenced appellant to the minimum two years on each of the twelve counts, six to be served consecutively and six to be served concurrently with each other and the other six counts, and the minimum of six months on each of the thirty counts, two to be served consecutively to each other and the twelve year sentence and twenty-eight to be served concurrently with each other and the other sentences, for an aggregate term of thirteen years in prison. Clearly the sentences on each count were within the permissible range. Furthermore, in its judgment entry, the trial court expressly stated that it considered the purposes and principles of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12. Accordingly, the sentences are not clearly and convincingly contrary to law.

{¶41} Appellant was found guilty on twelve counts of pandering sexually oriented matter involving a minor and thirty counts of illegal use of a minor in nudity oriented material or performance involving the internet and was sentenced to thirteen years in prison. Appellant was subject to a much longer sentence, but the trial court sentenced him to the minimums and ordered many of the sentences to be served concurrently. We find the aggregate sentence was neither contrary to law nor an abuse of discretion under *Foster*.

{¶42} We note the May 23, 2011 judgment entry and the August 26, 2011 judgment entry of sentence complies with Crim.R. 32(C) and *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, as requested by appellant.

{¶43} All of appellant's assignments of error in each of the three cases are denied.

{¶44} The judgments of the Court of Common Pleas of Guernsey County, Ohio are hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.


_s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ John W. Wise_____

JUDGES


SGF/db 0220

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | JUDGMENT ENTRY |
| | : | |
| -vs- | : | |
| | : | |
| BRYAN BATES | : | CASE NOS. 11CA000016 |
| | : | 11CA000026 |
| Defendant-Appellant | : | 11CA000033 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Court of Common Pleas of Guernsey County, Ohio are affirmed. Costs to appellant.


_s/ Sheila G. Farmer_____


_s/ Patricia A. Delaney_____


_s/ John W. Wise_____

JUDGES