[Cite as *State v. Walker*, 2012-Ohio-3095.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 12 CAA 02 0010 |
| SCOTT A. WALKER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                                          Pleas, Case No.  09 CRI 03 0116


JUDGMENT:                                     Affirmed


DATE OF JUDGMENT ENTRY:         July 5, 2012


APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

CAROL HAMILTON O'BRIEN               SCOTT A. WALKER
PROSECUTING ATTORNEY                 North Central Corr. Complex
MARK C. SLEEPER                             670 Marion/Williamsport Road
ASSISTANT PROSECUTOR                  Post Office Box 1818
140 North Sandusky Street, 3rd Floor   Marion, Ohio  43301
Delaware, Ohio  43015

*Wise, J.*

{¶1}    Appellant Scott A. Walker appeals the decision of the Court of Common Pleas, Delaware County, which denied his post-conviction motion challenging his Tier III sex offender classification. The relevant facts leading to this appeal are as follows.

{¶2}    On March 4, 2009, appellant was indicted by the Delaware County Grand Jury on four counts of rape and six counts of sexual battery.

{¶3}    On June 19, 2009, appellant, with the assistance of trial counsel, entered *Alford* guilty pleas to two counts of sexual battery, R.C. 2907.03(A)(1), felonies of the third degree. At the time of entry of these pleas, the trial court advised appellant that he would have the duty to register as a Tier III sex offender.

{¶4}    On August 12, 2009, the trial court sentenced appellant to six years in prison. Appellant at that time signed a form supplied by the court explaining his duties to register as a sex offender.

{¶5}    On January 18, 2012, well over two years after his sentencing, appellant filed a pro se "Motion to Vacate Current Sexual Oriented Classification Tier and Reclassify Defendant."

{¶6}    Via a judgment entry filed February 3, 2012, the trial court denied appellant's motion to vacate and reclassify.

{¶7}    Appellant filed a notice of appeal on February 21, 2012. He herein raises the following sole Assignment of Error:

{¶8}    "I. THE TRIAL COURT ERRED IN DETERMINING THAT THE CRIME CONVICTED FITTED THE TIER III SEXUAL OFFENDER STATUS."

I.

**{¶9}** In his sole Assignment of Error, appellant challenges the trial court's denial of his post-conviction motion to change his Tier III sex offender status.

**{¶10}** R.C. 2950.01(E), (F), and (G) create three "Tiers" of sex offender registration and notification requirements based on the type of offenses of which a defendant has been convicted. The most recent substantial changes to R.C. Chapter 2950 took effect on January 1, 2008.[1]

**{¶11}** Although there was no trial in this matter and no hearing was conducted on appellant's motion to vacate and reclassify, appellant herein essentially argues that his offenses and conduct would support, at most, a Tier I classification. Appellant further contends that his trial counsel was ineffective during the 2009 events leading to his plea, classification, and sentence.

**{¶12}** As the State notes in its response brief, this case does not involve a reclassification of an offender classified prior to the enactment in Ohio of the present Adam Walsh Act. Instead, appellant filed a self-styled motion to vacate in the trial court on January 18, 2012, almost two and one-half years after his sentence and classification, seeking additional review of his sex offender classification and status. We are thus inclined to initially hold that res judicata would have barred such review by the trial court in these circumstances. *See, e.g., State v. Stevenson*, Summit App.No. 21953, 2005-Ohio-156, ¶ 7 - ¶ 8 (applying res judicata to a defendant's attempt to challenge his classification via a motion to correct sentence approximately six years after such classification).

---

[1]   There is no dispute that the offenses of which appellant was convicted in the case sub judice were based on conduct occurring on or after December 24, 2008.

**{¶13}**  In the alternative, even if we interpret appellant's motion of January 18, 2012 as a petition for post-conviction relief, the pertinent jurisdictional time requirements for such a petition are set forth in R.C. 2953.21(A)(2) as follows: " * * * A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Appellant herein did not timely file his motion to vacate and reclassify under R.C. 2953.21(A)(2), and he makes no attempt to justify an untimely filing pursuant to the requirements set forth in R.C. 2953.23(A). A court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements in R.C. 2953.23(A). *State v. Demastry,* Fairfield App. No. 05CA14, 2005–Ohio–4962, ¶ 15.

**{¶14}**  Moreover, even if we were to find the trial court had been required to reach the merits of appellant's motion to vacate and reclassify, based on appellant's two-count conviction of sexual battery under R.C. 2907.03, his Tier III classification clearly was proper under R.C. 2950.01(G)(1)(a), and therefore the trial court did not err in denying appellant's motion to vacate and reclassify.

{¶15}  Appellant's sole Assignment of Error is therefore overruled.

{¶16}  For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Edwards, J., concur.

_____

_____

_____

                                    JUDGES

JWW/d 0608

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SCOTT A. WALKER | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12 CAA 02 0010 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES