[Cite as *State v. Bates*, **2012-Ohio-4360.**]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case Nos.  2012-CA-06 |
| BRYAN BATES | : | 2012-CA-10 |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeals from the Guernsey County Court of Common Pleas, Case No. 07-CR-117

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: September 24, 2012

APPEARANCES:

For Plaintiff-Appellee

DANIEL G. PADDEN
Guernsey County Prosecuting Attorney
139 West 8th Street
Box 640
Cambridge, OH 43724

For Defendant-Appellant

BRYAN BATES  PRO SE
#577218
Box 5500
Chillicothe, OH 45601

*Gwin, J.*

{¶1} Defendant-appellant Bryan Bates appeals two judgments of the Court of Common Pleas, of Guernsey County, Ohio which we have consolidated. Appellant assigns three errors:

{¶2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, ABUSED ITS DISCRETION WHEREAS,THE TRIAL COURT FAILED TO CONDUCT AN IN CAMERA INSPECTION TO DETERMINE IF INCONSISTENT STATEMENTS WERE PROVIDED TO THE GRAND JURY IN COMPARISON WITH THE TESTIMONY PROVIDED AT TRIAL.

{¶3} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINIING THAT HOUSE BILL 86 IS NOT RETROACTIVE.

{¶4} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS, THE COURT DENIED APPELLANT'S PETITION FOR POST CONVICTION RELIEF PURSUANT TO ORC 2953.21."

{¶5} The record indicates on June 29, 2007, appellant was indicted on twelve counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322 and thirty counts of illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323. The charges arose after an international investigation involving the United States and Canada into child pornography on the Internet.

{¶6} A jury convicted appellant of all charges, and on April 18, 2008, the trial court sentenced appellant to an aggregate term of thirteen years in prison.

{¶7} On direct appeal, appellant challenged the denial of his motion to suppress testimony of the State's expert in computer forensics, and raised the issues of ineffective assistance of counsel, and manifest weight and sufficiency of the evidence. This court affirmed appellant's convictions in *State v. Bates,* Fifth District No. 08CA15, 2009-Ohio-275 (*Bates I*).

{¶8} On April 26, 2011, appellant filed a motion to correct his sentence pursuant to Crim. R. 32 (C). On May 23, 2011, the trial court amended the judgment entry of sentence to specify appellant was convicted by a jury of his peers. Two weeks later, appellant filed a motion to correct the amended judgment entry to comport with Crim. R. 32 (C). The trial court directed appellant to submit a proposed draft for an entry of clarification.

{¶9} While the above motion to correct the sentence was pending, appellant filed another motion to correct the sentence, arguing the charges were allied offenses of similar import. The court overruled that motion, finding it could have been or should have been raised on direct appeal.

{¶10} Subsequently appellant filed a proposed draft of the entry for clarification as directed by the trial court. The court filed a judgment entry of sentence pursuant to Civ. R. 60 (A), again sentencing appellant to thirteen years in prison. The trial court overruled appellant's motion for reconsideration of the allied offenses issue.

{¶11} On November 21, 2011, appellant filed a motion for a hearing to correct the sentence pursuant to R.C. 2929.14 and 2929.41 and *State v. Foster,* 109 Ohio St. 3d 1, 2006-Ohio-857. The trial court overruled the motion.

**{¶12}** From the above appellant filed three appeals, which this court addressed collectively in *State v. Bates,* 5th Dist. Nos. 11-CA-000016, 11-CA-000026, and 11-CA-000033, 2012-Ohio-1080 (*Bates II*). Appellant raised a total of nineteen assignments of error in the three appeals. This court affirmed all the trial court's judgments, and noted that some of the errors appellant raised were res judicata because appellant could have raised the arguments in his direct appeal. However, we addressed appellant's assignments of error regarding his sentence, finding that the judgment entries complied with Crim. R. 32 (C) and *State v. Baker,* 119, Ohio St. 3d. 197, 2008-Ohio-3330, 893 N.E.2d 163.

**{¶13}** While the three appeals were pending before this court, appellant filed a motion for reconsideration and to correct the sentence in the trial court, which the court overruled. The court also overruled a later motion to correct the sentence. Appellant filed a notice of appeal on February 23, 2012, taken from the court's overruling of his most recent motion to correct the sentence.

**{¶14}** On February 29, 2012, appellant filed a petition to vacate or set aside the judgment or conviction or sentence. On March 5, 2012, we filed our opinion in *Bates II.* The trial court overruled the petition to vacate or set aside the judgment of conviction or sentence on March 14, 2012. In April 2012, appellant filed a notice of appeal from that decision, which was originally assigned the case number 12-CA-10, but which we subsequently consolidated with case number 12-CA-06. Those matters are before us now.

I.

{¶15} In his first assignment of error, appellant argues the trial court abused its discretion in not conducting an in-camera inspection of the transcripts of the evidence presented to the grand jury in his criminal case to determine whether the testimony before the grand jury was inconsistent with testimony presented at trial.

{¶16} Crim. R. 6(E) provides deliberations of the grand jury and the vote of the grand jurors is not to be disclosed but disclosure of other matters occurring before the grand jury may be disclosed if the court directs. The Rule provides matters may be disclosed preliminarily to or in connection with a judicial proceeding, or when the defendant has shown grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

{¶17} In *United States v. Proctor & Gamble Co.,* 356 U.S. 667, 78 Sup. Ct. 983, 2 L.Ed. 2d 1077 (1958), the United States Supreme Court found a trial court has discretion to release grand jury transcripts when a defendant demonstrates a particularized need such that the secrecy of the proceedings should be discretely and limitedly lifted. In *State v. Greer,* 66 Ohio St. 2d 139, 420 N.E. 2d 982 (1981), the Ohio Supreme Court found the defendant has demonstrated a particularized need when, after a consideration of all the surrounding circumstances, the court finds it is probable that failure to disclose the grand jury testimony will deprive the defendant of a fair adjudication of the allegation placed at issue in the testimony presented at trial. Courts have applied the same "particularized need" test for post-verdict requests for grand jury transcripts as for requests made prior to or during trial. *See, e.g., State v. Miller,* 3d Dist. No. 4-93-24, 1995 WL 9395 (January 11, 1995).

**{¶18}** Our standard of reviewing the trial court's judgment is the abuse of discretion standard. *State v. Gondor,* 112 Ohio St. 3d 377, 2006-Ohio-6679,860 N.E.2d 77. The Supreme Court has frequently held the term abuse of discretion indicates the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St. 2d 151, 404 N.E. 2d 144 (1980). Appellant directs us to the testimony of Agent Cameron Bryant, Detective John Davis, and Detective Ron Pollock, arguing portions of the testimony the officers variously gave in the affidavit submitted in support of the search warrant, at the suppression hearing, and at trial are internally inconsistent, giving rise to a particularized need to review their testimony before the grand jury.

**{¶19}** Appellant argues Agent Bryant testified at trial regarding how images are sent and received through the Internet and how an image is saved on a computer's hard drive. Appellant asserts the testimony is not only inconsistent but also false and misleading. Appellant raised the issue of the accuracy of the testimony in the context of the motion to suppress in his direct appeal, *Bates I* at ¶¶ 23-55. He raised the issue again in *Bates* II, which we found was res judicata. *Bates II*, ¶ 34. We find the present question of the accuracy of the testimony is res judicata as well.

**{¶20}** Appellant also argues Agent Bryant's testimony was inconsistent regarding the origin of the images. Agent Bryant testified he believed the images originated from the Internet. Thereafter, he testified the images came either from a website or from someone who sent the images with the consent of the user, by which he meant appellant. Agent Bryant testified he could not determine whether the images were downloaded from a website or received from another user.

**{¶21}** This issue is arguably res judicata as well because appellant could have included it in his challenge to the affidavits supporting the search warrant and to the manifest weight in *Bates I.* Assuming arguendo the matter is not res judicata, we find Agent Bryant's testimony is not internally inconsistent.

**{¶22}** Detective Pollock testified at the suppression hearing about how the affidavit in support of the request for the search warrant was generated. Detective Pollock testified he and Agent Bryant provided the information to the prosecutor so the prosecutor's office could draft the affidavit. Officer Pollock testified Detective Davis was in court at the time and did not attend the prosecutor's conference. At trial he testified that the search warrant was obtained "with the assistance" of Detective Davis. We find this testimony is not contradictory. Detective Davis could provide assistance in obtaining the information for the search warrant without actually being present with the prosecutor when the affidavit was discussed and prepared.

**{¶23}** Detective Davis testified at the suppression hearing and at trial. Detective Davis testified he did not meet with the prosecutor to prepare the affidavit because he had a court case and also another investigation. Davis testified he and Detective Pollock were partners and on most cases they either worked together or shared information about a particular case. Detective Davis specifically testified he was not present during the preparation of the search warrant. At trial, Davis testified he, Bryant, and Pollock "put together" the information for a search warrant.

**{¶24}** The State maintains it is clear the prosecutor actually drafted the affidavit for the search warrant. Detective Davis did not testify at trial that he was actually

present.  He did participate in the investigation and helped gather the information later used to obtain the search warrant.

{¶25} The questions regarding the affidavit in support of the search warrant are res judicata. Assuming arguendo that the question of consistency between the affidavit and the trial testimony is not res judicata, we find the testimony presented at the various stages of the proceedings is consistent.

{¶26} Finally, appellant argues there was a question as to who testified at the grand jury hearing and what was presented.  The computer forensic report was not completed until after the indictment was issued. Appellant argues the indictment states facts which could only have been retrieved using computer forensic procedures. Appellant argues the question of how the facts were presented before the grand jury must be answered.  We do not agree.  There is no showing that the information contained in the indictment must have been gleaned by an expert computer forensic examiner.

{¶27} We find appellant has not demonstrated a particularized need for the grand jury transcripts, and the trial court did not abuse its discretion in denying appellant's request for grand jury transcripts.

{¶28} The first assignment of error is overruled.

II.

{¶29} In his second assignment of error, appellant argues the trial court erred in finding the provisions of House Bill 86 were not retroactive and did not apply to appellant's sentencing procedures.

{¶30} Appellant argues the United States Supreme Court's case of *Oregon v. Ice,* 555 U.S. 160, 129 Sup. Ct. 711, 172 L. Ed. 2d 517, (2009), and the Supreme Court's decision in *State v. Hodge,* 128 Ohio St. 3d 1, 2010-Ohio-6320, 941 N.E. 2d 768 effectively reversed the Ohio Supreme Court's decision in *State v. Foster, supra.* In *Hodge,* the Supreme Court held *Ice* does not revive the disputed statutory provisions the *Foster* decision invalidated, and that defendants sentenced by the trial judges who did not apply those provisions are not entitled to re-sentencing. *Hodge* ¶ 5.

{¶31} The Supreme Court agreed the General Assembly was no longer constrained by *Foster's* holdings and could, pursuant to *Ice,* enact statutory provisions previously disapproved in *Foster.* ¶ 6. The General Assembly did reenact the provisions after appellant's sentencing. This court has found the provisions are not retroactive. See, e.g., *State v. Hobby,* Fifth District No. 11COA41, 2012-Ohio-2420, citing *State v. Kalish,* 120 Ohio St. 3d 23, 2008-Ohio-4912, 896 N.E. 2d 124 and *Hodge, supra.*

{¶32} Furthermore, in *Bates II* this court found the August 26, 2011 judgment entry of sentencing complied with Crim. R. 32(C) and *Baker, supra. Bates II* at ¶42. Because the judgment entry complied with the law in effect at the time of sentencing, the court did not err in refusing to correct the sentence in accord with H.B. 86.

{¶33} The second assignment of error is overruled.

### III.

{¶34} In his third assignment of error, appellant argues the trial court erred as a matter of law in overruling his petition for post-conviction relief filed February 29, 2012.

{¶35} R.C. 2953.21 provides a petition for post-conviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the Court of

Appeals in the direct appeal, or if no appeal is taken, no later than 180 days after the expiration of the time for filing the appeal. Appellant pursued his direct appeal in 2008. His petition was filed approximately three years later.

{¶36} A trial court has no jurisdiction to hear an untimely petition for post-conviction relief unless the movant meets requirements set out in R.C. 2953.23(A). *State v. Walker,* 5th Dist. No. 12-CAA-020010, 2012-Ohio-3095, *citing State v. Demastry,* 5th Dist. No. 05CA-14, 2005-Ohio-4962 ¶ 15. The exception set out in R.C. 2953.23 provides an untimely petition may be heard if the petitioner can show he was unavoidably prevented from discovering the facts upon which the petition is based, and also that but for Constitutional errors at trial, no reasonable fact finder would have found the petitioner guilty.

{¶37} Appellant argues the trial court omitted the phrase nunc pro tunc when correcting the 2008 sentence on August 26, 2011. He asserts this gives rise to a new right of appeal, noting that the judgment contains language stating it is a final appealable order.

{¶38} A trial court has specific limited jurisdiction to enter a corrected entry, but not to enter a new sentencing entry unless directed to do so after appeal. The trial court's judgment entry must either be treated as a nunc pro tunc entry or a complete nullity because the court lacked jurisdiction to enter a new judgment.

{¶39} In *State v. Lester,* 130 Ohio St. 3d 303, 2011-Ohio-5204, 958 N.E. 2d 142, the Ohio Supreme Court held a nunc pro tunc judgment entry issued for the sole purpose of complying with the rule governing contents of a judgment of conviction by correcting a clerical omission in a final judgment entry is not a new final order from

which a new appeal may be taken. *Lester* held when the substantive provisions of the governing Rule are contained in judgment of conviction, the trial court's omission of how the defendant's conviction was effected, i.e., the "manner of conviction," does not prevent the judgment of conviction from being an order that is final and subject to appeal. Syllabi by the court, paragraphs 1, 2, and 3. The Supreme Court explained the absence of the language required by Crim. R. 32 (C) indicating how the conviction was effected does not deprive the appellant of any opportunity to appeal the conviction or sentence. Id., at paragraph 17.

{¶40} Appellant has not been deprived of the opportunity to appeal his conviction and sentence, as evidenced by the fact these are his fifth and sixth appeals to this court.

{¶41} We find despite the language in the entry that it constitutes a final appealable order, the sentencing entry to correct the sentence to reflect the requirements of Crim. R. 32(C) does not constitute a new final appealable order.

{¶42} We find appellant's petition for post-conviction relief was not filed within the statutory time and contained no showing the exception to the time limitation applied. The trial court did not err in dismissing the petition.

{¶43} The third assignment of error is overruled.

**{¶44}** For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
 HON. JULIE A. EDWARDS

WSG:clw 0822

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRYAN BATES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NOS.   2012-CA-06 |
| | | 2012-CA-10 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JULIE A. EDWARDS