[Cite as *State v. Johnson*, 2023-Ohio-1905.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2023 CA 0001 |
| CHARLES JOHNSON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                                          Pleas, Case No.  2015 CR 0432


JUDGMENT:                                        Affirmed


DATE OF JUDGMENT ENTRY:          June 7, 2023


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

GARY BISHOP                                    CHARLES JOHNSON
PROSECUTING ATTORNEY               PRO SE
ASHLEY HAWKINS                            P. O. Box 1812
ASSISTANT PROSECUTOR                Marion, Ohio  43302
38 South Park Street, Second Floor
Mansfield, Ohio  44902

*Wise, J.*

{¶1}	Appellant Charles Johnson appeals his conviction and sentence on one count of felonious assault and one count of aggravated burglary entered in the Richland County Common Pleas Court September 16, 2015, following a jury trial.

{¶2}	Appellee is the state of Ohio.

{¶3}	This case is before this Court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), Determination and Judgment on Appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶4}	One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶5}	This appeal shall be considered in accordance with the aforementioned rules.

STATEMENT OF THE FACTS AND CASE

{¶6}	For purposes of this Opinion, the relevant facts and procedural history are as follows:

{¶7}	Appellant Charles Johnson was married to Amanda Hatfield. In November of 2014, Hatfield moved out of the home she shared with Appellant because Appellant was romantically involved with Stephanie Carter. Hatfield alternated between staying with

her mother and staying with Russell Breinich, II. Breinich lived in a home Hatfield had purchased several years earlier, when she was previously dating Breinich.

**{¶8}** In March of 2015, Carter moved in with Appellant.

**{¶9}** During the afternoon of April 24, 2015, Appellant and Carter went to visit Breinich, who was also a friend of Appellant. Hatfield was there, and the group hung out at the home until about 6:00 p.m. Appellant and Carter then went to the home of another friend, while Hatfield and Breinich went to a local bar. Appellant and Carter arrived at the same bar at about 8:00 p.m. Breinich and Hatfield finished their beers and went home. Before going to bed, Breinich wedged a wooden board against the front door, as the door did not lock from the inside.

**{¶10}** Appellant and Carter returned to a friend's house at about 10:00 p.m. They left less than thirty minutes later, and Carter believed they were returning home. However, Appellant stopped at Breinich's house to see if he wanted to have a few drinks. As Carter sat inside the truck, she saw Appellant knock at both the front door and a side door that led to a carport. Hatfield, hearing the pounding at the door, woke up Breinich. Appellant kicked open the front door, punched Breinich in the face, and knocked Breinich unconscious. Appellant straddled Breinich and continued punching him in the head while yelling, "Do you like fucking my wife?" (T. at 146, 171). Hatfield jumped on Appellant's back and attempted to pull him off Breinich. Carter ran from Appellant's truck, screaming at Appellant to stop.

**{¶11}** Appellant climbed off Breinich and drove back to his friend Chris Smith's house. Carter chose to walk, rather than ride in the truck with Appellant. At Smith's house, Appellant washed his hands and face, took off his blood-stained sweatshirt, and asked

one of the people at the house to get rid of his sweatshirt. He and Carter then drove to their home.

{¶12} Meanwhile, Hatfield called Chris Smith for help because Breinich did not want her to call an ambulance. Upon arriving at the scene, Smith called 9-1-1. Breinich was taken to the local hospital, where he was intubated because he was choking on his own blood. He was then life-flighted to Grant Medical Center in Columbus. His injuries included multiple facial fractures, brain damage, and damage to his left eye, left ear, trachea, and teeth. He spent five days in the intensive care unit and another twenty-three days in the trauma unit at Grant Medical Center. He was then transferred to the Dodd Rehabilitation Center where he spent fourteen days. He had five surgeries prior to trial and needed additional dental, eye and ear surgery. He continued to suffer memory loss, and required round-the-clock supervision from his parents.

{¶13} Appellant was indicted by the Richland County Grand Jury on felonious assault, in violation of R.C. §2903.11(A)(1) and aggravated burglary, in violation of R.C. §2911.11(A)(1).

{¶14} The case proceeded to jury trial in the Richland County Common Pleas Court.

{¶15} On September 11, 2015, the jury returned verdicts finding Appellant guilty as charged.

{¶16} On September 16, 2015, the trial court sentenced Appellant to eight (8) years incarceration for felonious assault and six (6) years incarceration for aggravated burglary, to be served consecutively, for an aggregate sentence of fourteen (14) years. The trial court also ordered Appellant to pay restitution in the amount of $6,140.00.

**{¶17}** On October 14, 2015, Appellant filed a Notice of Appeal arguing ineffective assistance of counsel.

**{¶18}** On November 15, 2015, the trial court amended its sentence ordering Appellant to pay restitution totaling $15, 287.74.

**{¶19}** On May 13, 2016, this Court overruled Appellant's sole assignment of error of ineffective assistance of counsel.

**{¶20}** On March 16, 2020, Appellant filed a *pro se* motion to correct the November 15, 2015 sentencing entry.

**{¶21}** On March 24, 2020, Appellee filed a response conceding that Appellant only owed $6,140 of restitution.

**{¶22}** On January 28, 2021, the trial court held a resentencing hearing. At the hearing, the trial court continued Appellant's prison sentence, but amended the restitution order to $6,140.00.

**{¶23}** On February 22, 2021, Appellant filed a Notice of Appeal of the Resentencing Hearing raising four assignments of error, arguing he was deprived of the right to counsel, denied notice and the right to be heard, abuse of discretion, and that the sentence was contrary to law and not supported by the record.

**{¶24}** By Opinion and Entry filed January 25, 2022, this Court held that Appellant's Appeal was Moot.

**{¶25}** On November 16, 2022, Appellant filed a motion to vacate restitution, which was denied Appellant by the trial court on December 6, 2022.

**{¶26}** On January 5, 2023, Appellant now appeals, raising the following error for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶27}** "I. THE DECEMBER 6th, 2022 JUDGMENT ENTRY IS CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD."

**I.**

**{¶28}** In his sole assignment of error Appellant claims that his sentence is contrary to law. We disagree.

**{¶29}** Upon review, we find that Appellant's motion to vacate restitution is a petition for post-conviction relief under R.C. § 2953.21. Where a criminal defendant, subsequent to direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights were violated, such a motion is a petition for post-conviction relief under R.C. § 2953.21. *State v. Reynolds,* 79 Ohio St.3d 158, 160, 679 N.E.2d 1131, 1997-Ohio-304.

**{¶30}** R.C. § 2953.21 provides a petition for post-conviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the Court of Appeals in the direct appeal, or if no appeal is taken, no later than 365 days after the expiration of the time for filing the appeal.

**{¶31}** Here, Appellant pursued his direct appeal in October, 2015. This motion to vacate restitution (petition) was filed more than seven years later. Appellant's petition is therefore untimely. A trial court has no jurisdiction to hear an untimely petition for post-conviction relief unless the movant meets requirements set out in R.C. § 2953.23(A). *State v. Walker,* 5th Dist. No. 12–CAA–020010, 2012-Ohio-3095, *citing State v. Demastry,* 5th Dist. No. 05CA–14, 2005-Ohio-4962 ¶ 15.

**{¶32}** The doctrine of *res judicata* is also applicable to post-conviction relief proceedings. *State v. Nichols*, 11 Ohio St.3d 40, 463 N.E.2d 375 (1984), paragraph two of the syllabus. (Citation omitted). Moreover, *res judicata* has been utilized to justify dismissal of post-conviction relief proceedings where the issue in question was never raised on direct appeal from the original judgment and sentence. *Id.* at *42. (Citation omitted).

**{¶33}** "Under the doctrine of *res judicata*, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Snyder*, 5th Dist. Tuscarawas No. 2015AP070043, 2016–Ohio–832, ¶ 26 quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Further, "[i]t is well-settled that, 'pursuant to res judicata, a defendant cannot raise an issue in a [petition] for postconviction relief if he or she could have raised the issue on direct appeal.' " *State v. Elmore*, 5th Dist. Licking No. 2005–CA–32, 2005–Ohio–5940, ¶ 21 quoting *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997).

**{¶34}** Upon review, we find that the issues raised by Appellant in his motion to vacate and in the instant appeal are issues which were cognizable on direct appeal from his judgment of conviction and sentence, and Appellant's collateral attack on the judgment on these grounds is barred by *res judicata*. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.

**{¶35}** Appellant could have raised the claimed error as to restitution in his direct appeal but failed to do so. Because Appellant could have, but did not, raise his claimed sentencing error on direct appeal, the error is now barred by the doctrine of *res judicata*.

**{¶36}** Appellant's assignment of error is overruled.

**{¶37}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.


By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.


JWW/kw 0605