[Cite as *State v. Robinson*, 2022-Ohio-3566.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2022-0032 |
| JOSHUA A. ROBINSON | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2017-0251 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 6, 2022 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| RONALD L. WELCH<br>Prosecuting Attorney<br>Muskingum County, Ohio | JOSHUA A. ROBINSON<br>A741913<br>Lebanon Correctional Institution<br>P.O. Box 56 |
| TAYLOR P. BENNINGTON<br>Assistant Prosecuting Attorney<br>Muskingum County, Ohio<br>27 North Fifth Street<br>P.O. Box 189<br>Zanesville, Ohio 43702-0189 | Lebanon, Ohio 45036 |

*Hoffman, J.*

{¶1} Defendant-appellant Joshua A. Robinson appeals the May 13, 2022 Judgment Entry entered by the Muskingum County Court of Common Pleas, which denied his petition for post-conviction relief. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On July 19, 2017, the Muskingum County Grand Jury indicted Appellant on one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree, with a repeat-violent-offender ("RVO") specification pursuant to R.C. 2941.149. Appellant appeared before the trial court for arraignment on August 9, 2017, and entered a plea of not guilty.

{¶3} The matter proceeded to trial on February 1, 2018. Prior to the commencement of trial, Appellant waived his right to a jury trial on the RVO specification. After hearing all of the evidence and deliberating, the jury found Appellant guilty of felonious assault. Following a bench trial, the trial court found Appellant guilty of the RVO specification.

{¶4} Appellant appeared before the trial court for sentencing on February 14, 2018. The trial court sentenced Appellant to a term of incarceration of eight (8) years on the felonious assault conviction and a mandatory consecutive term of incarceration of ten (10) years on the RVO specification for an aggregate sentence of eighteen (18) years.

{¶5} Appellant filed a timely Notice of Appeal to this Court, raising the following assignments of error:

---

[1] A Statement of the Facts underlying Appellant's convictions and sentence is not necessary for our disposition of this Appeal.

I. ROBINSON'S CONVICTION IS BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

II. ROBINSON'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

III. THE TRIAL COURT UNLAWFULLY ORDERED ROBINSON TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

IV. ROBINSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

**{¶6}** This Court affirmed Appellant's convictions and sentence in *State v. Robinson*, 5th Dist. Muskingum No. CT2018-0016, 2018-Ohio-5381, 2018 WL 6921245. On March 14, 2022, Appellant filed a pro se Request for New Trial, Modify

Verdict/Sentence.  Via Judgment Entry filed March 15, 2022, the trial court denied Appellant's motion.  On May 12, 2022, Appellant filed a pro se Post-Conviction Relief Petition.  Via Judgment Entry filed May 13, 2022, the trial court denied Appellant's petition for post-conviction relief.

**{¶7}**   It is from the May 13, 2022 Judgment Entry Appellant appeals, raising as his sole assignment of error:

ABUSE OF DISCRETION

I

**{¶8}**   Herein, Appellant asserts the trial court abused its discretion "by neglecting to appropriately consider the Post-Conviction Relief Petition, that was filed, through the Constitutional Violations of Plain, Prejudicial, Structural and/or Reversible Error."  Brief of Appellant at 5.   Appellant further contends, "Any/All of these Specific, Constitutional Errors supercede [sic] Harmless Error Analysis, cannot be Time-Barred, nor can res judicata be claimed . . . nor should it be claimed, due to the Constitutional Deprivation that Appellant had endured."  *Id.*  Appellant explains "the Trial Court completely neglected to file Any Findings of Fact and/or Conclusions of Law, as to the Denial of his Post-Conviction Relief Petition."  *Id.*

**{¶9}**   Petitions for post-conviction relief are governed by R.C. 2953.21(A)(1)(a), which provides:

Any person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to

grant other appropriate relief: (i) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *.

**{¶10}** "Pursuant to R.C. 2953.21, when a trial court denies a petition for post-conviction relief without a hearing, the trial court shall make and file findings of fact and conclusions of law." *State v. Reese*, 5th Dist. Muskingum No. CT2017-0017, 2017-Ohio-4263, ¶ 11. However, a trial court "need not issue findings of fact and conclusions of law when it dismisses an untimely [post-conviction-relief] petition." *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002–Ohio–7042, 781 N.E.2d 155. "If a petition for post-conviction relief is untimely, the trial court [has] no clear duty to issue findings of fact or conclusions of law." *Reese*, supra at ¶ 12, citing *Dillon v. Cottrill*, 5th Dist. Muskingum No. CT2014–0053, 2015–Ohio–1785.

**{¶11}** R.C. 2953.21(A)(2) provides a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction" which is challenged by the petition.

**{¶12}** Here, Appellant pursued his direct appeal in March, 2018. His petition was filed more than four years later. A trial court has no jurisdiction to hear an untimely petition for post-conviction relief unless the movant meets the requirements set forth in R.C. §

2953.23(A). *State v. Walker,* 5th Dist. No. 12-CAA-020010, 2012-Ohio-3095, citing *State v. Demastry,* 5th Dist. No. 05CA-14, 2005-Ohio-4962 ¶ 15.

{¶13} In order for a court to recognize an untimely post-conviction petition, both of the following requirements must apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶14} We find Appellant failed to satisfy the statutory exceptions to the untimely filing of a petition for post-conviction relief pursuant to R.C. 2953.23(A)(1). A petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the

merits of an untimely or successive postconviction petition. See, *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 36. Because Appellant's petition was untimely, we find the trial court was not required make any findings of fact and conclusions of law. We further find the trial court did not abuse its discretion in denying Appellant's petition for post-conviction relief.

{¶15} Appellant's sole assignment of error is overruled.

{¶16} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur

HON. WILLIAM B. HOFFMAN

HON. W. SCOTT GWIN

HON. CRAIG R. BALDWIN