[Cite as *State v. Phelps*, 2026-Ohio-1575.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
FAIRFIELD COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 2025 CA 00035 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Fairfield County Court of Common Pleas, Case No. 2019 CR 00499 |
| ROBERT PHELPS | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: April 30, 2026 |

**BEFORE:** William B. Hoffman; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** R. Kyle Witt, Fairfield County Prosecutor, Austin R. Lines, Assistant Prosecuting Attorney for Plaintiff-Appellee; Robert Phelps, Pro se.

*Hoffman, P.J.*

{¶1}   Defendant-appellant Robert Phelps appeals the judgment entered by the Fairfield County Common Pleas Court dismissing his petition for post-conviction relief on the basis it was untimely filed.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   On December 22, 2020, Appellant entered pleas of guilty in the Fairfield County Common Pleas Court to twelve counts of aggravated trafficking in drugs and one count of engaging in a pattern of corrupt activity.  In exchange for his guilty pleas, the

---

[1] A rendition of the facts is unnecessary to our disposition of the appeal.

State dismissed the remaining seventy-one counts of the indictment. Pursuant to a negotiated plea agreement, the parties jointly recommended a sentence of fifteen years of incarceration. The trial court convicted Appellant upon his pleas of guilty and in accordance with the joint recommendation, sentenced Appellant to fifteen years of incarceration. Appellant appealed to this Court, and we affirmed the judgment of conviction and sentence. *State v. Phelps,* 2022-Ohio-3025 (5th Dist.).

{¶3} Appellant filed a petition for post-conviction relief in the trial court on September 4, 2025. The petition alleged prosecutorial misconduct in the presentation of evidence to the grand jury, ineffective assistance of trial counsel for failing to move for suppression of evidence and/or dismissal of the charges, ineffective assistance of counsel for failing to investigate and soliciting money from Appellant as court-appointed counsel, and the cumulative effect of his claims constituted a violation of his constitutional rights. The trial court dismissed the petition as untimely filed. It is from the September 9, 2025 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

APPELLANT'S DUE PROCESS AND EQUAL PROTECTION OF THE LAW RIGHTS, AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, WERE VIOLATED AND DENIED AS A RESULT OF JUDGE TRIMMER ABUSING HIS DISCRETION BY NEGLECTING TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND REFUSING TO ORDER THE REQUESTED EVIDENTIARY HEARING.

**{¶4}** Appellant argues the trial court erred in dismissing his petition as untimely without issuing findings of fact and conclusions of law, and without holding an evidentiary hearing. We disagree.

**{¶5}** R.C. 2953.21(A)(2)(a) provides in pertinent part:

> Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1)(a)(i), (ii), or (iii) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]

**{¶6}** The transcript of the proceedings was filed in this Court in Appellant's direct appeal on June 8, 2021. Therefore, Appellant's petition, filed September 4, 2025, is clearly untimely filed.

**{¶7}** R.C. 2953.23(A)(1)(a) allows the trial court to entertain an untimely-filed petition under certain circumstances:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2)[2] of this section applies:

---

[2] Subsection (A)(2) deals with DNA evidence which is not at issue in the instant case.

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶8} A trial court has no jurisdiction to hear an untimely petition for post-conviction relief unless the movant meets the requirements set forth in R.C. § 2953.23(A). *State v. Robinson*, 2022-Ohio-3566, ¶ 12 (5th Dist.).

{¶9} Appellant's petition does not attempt to demonstrate he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief, and the petition did not demonstrate by clear and convincing evidence, but for the alleged constitutional error, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. Appellant presented no evidence in support of his petition other than the general allegations set forth in his petition regarding the conduct

the prosecutor and his court-appointed trial counsel. We find the trial court did not err in finding the petition was untimely filed.

{¶10} A trial court has no duty to issue findings of fact and conclusions of law when dismissing a petition as untimely filed. *State ex rel. George v. Burnside*, 2008-Ohio-2702, ¶ 6. Further, when a trial court lacks jurisdiction to consider an untimely-filed petition, it is not necessary for the court to hold an evidentiary hearing. *State v. Moore,* 2015-Ohio-550, ¶ 12 (2nd Dist.). We find the trial court did not err in dismissing Appellant's petition without an evidentiary hearing and without issuing findings of fact and conclusions of law.

{¶11} The assignment of error is overruled.

{¶12} The judgment of the Fairfield County Court of Common Pleas is affirmed.

{¶13} Costs to Appellant.


By: Hoffman, P.J.

Montgomery, J. and

Popham, J. concur.